MELVIN L. FELTON (SBN 276047)
mfelton@sandersroberts.com
RICARDO REYES (SBN 329957)
rreyes@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 W. 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone:   213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendant
WAYFAIR, LLC

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MAYRA INIGUEZ, an individual, | ) Case No.:  5:21-cv-00880 |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANT WAYFAIR, LLC'S** |
| vs. | ) **NOTICE OF REMOVAL OF ACTION** |
| | ) **PURSUANT TO 28 U.S.C. §§ 1441** |
| | ) **AND 1446** |
| WAYFAIR, LLC, a Corporation and | ) |
| DOES 1-25, inclusive, | ) |
| | ) Trial Date: None |
| | )     State Court Complaint Filed: March 15, |
| | ) 2021 |
| Defendants. | ) |
| | ) |
| | ) [Riverside County Superior Court Case |
| | ) No. CVRI2101374] |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1

## <u>NOTICE OF REMOVAL</u>

2       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

3   THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MAYRA

4   INIGUEZ:

5       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and

6   1446, based on complete diversity jurisdiction, Defendant Wayfair, LLC,

7   ("Wayfair" or "Defendant") by its counsel SANDERS ROBERTS LLP, hereby

8   removes the above-captioned matter action from the Superior Court of California,

9   County of Riverside, to the United States District Court, Central District of

10  California, Eastern Division.  In support of this removal, Wayfair states as follows:

11                 **PROCEDURAL BACKGROUND**



12       1.      On or about March 15, 2021, Plaintiff Mayra Iniguez ("Plaintiff")

13  filed an action in the Superior Court of California, County of Riverside by Plaintiff

14  Mayra Iniguez ("Plaintiff") against Wayfair, entitled *Mayra Iniguez v. Wayfair,*

15  *LLC*, Case No. CVRI2101374 (the "State Action").  Wayfair is the named

16  defendant in this action.

17       2.      The Complaint purports to assert five causes of action in the State

18  Action against Wayfair for (1) Unlawful Discrimination Based Upon Physical

19  Disability; (2) Failure to Prevent Discrimination; (3) Failure to Reasonably

20  Accommodate Physical Disability; (4) Failure to Engage in the Interactive Process;

21  and, (5) Wrongful Termination in Violation of Public Policy. (*See* **Exhibit A**

22  [Complaint], *passim*.)

23       **TIMELINESS OF REMOVAL AND PROCEDURAL REQUIREMENTS**

24       3.      Wayfair has thirty (30) days from the date of service or receipt of a

25  copy of the Complaint to remove a case.  (28 U.S.C. § 1446(b).)  Or "if the case

26  stated by the initial pleading is not removable, a notice of removal may be filed

27  within 30 days after receipt by the defendant, through service or otherwise, of a

28  copy of an amended pleading, motion, order or other paper from which it may first

DEFENDANT WAYFAIR, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446

**SANDERS ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1    be ascertained that the case is one which is or has become removable." (*Id.* §

2    1446(b)(3).)

3        4.    Wayfair was served with the Complaint on April 23, 2021 and is

4    filing this Notice of Removal within 30 days of service. (Declaration of Melvin L.

5    Felton in Support of Notice of Removal ("Felton Decl.")), ¶¶ 2, Ex. 1.). This

6    Notice of Removal is therefore timely. (*Id.*, ¶ 3.)

7        5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and

8    orders for the State Action in Wayfair's possession are contained in **Exhibit A** filed

9    herewith.

10       6.    If any question arises as to the propriety of the removal of this action,

11   Wayfair requests the opportunity to conduct discovery, brief any disputed issues

12   and to present oral argument in favor of its position that this case is properly

13   removable.

14       7.    Nothing in this Notice of Removal shall be interpreted as a waiver or

15   relinquishment of Wayfair's right to assert defenses including, without limitation,

16   the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or

17   *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of

18   process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim,

19   (vii) failure to join indispensable party(ies), or (viii) any other procedural or

20   substantive defense available under state or federal law.

21                        **DIVERSITY OF CITIZENSHIP JURISDICTION**

22       8.    This is a civil action over which this Court has original jurisdiction

23   under 28 U.S.C. section 1332, and Wayfair may remove it from state to federal

24   court pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of

25   different states and the amount in controversy exceeds the sum or value of

26   Seventy-Five Thousand Dollars ($75,000), exclusive of attorney's fees, interest,

27   and costs.

28   //

- 3 -

SR
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

### A.   Plaintiff is a Citizen of California

9.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10.     Plaintiff alleges that she "performed work for Defendant Wayfair within the County of Riverside, State of California. The unlawful conduct alleged herein occurred in the County of Riverside, State of California"  (Ex. A, Compl., ¶ 1.)  Plaintiff's last known address on file with Wayfair is located in California. (Declaration of Melveen Stevenson in Support of Notice of Removal ("Stevenson Decl."), ¶ 5.)  During her employment with Wayfair, Plaintiff lived, worked, and was physically present in California, thus demonstrating an intent to remain in California by residing and working in California.  (*Id.*, ¶¶ 2–5.)  Therefore, Plaintiff was at all relevant times a citizen and resident of the State of California.

### B.   Defendant Is Not A Citizen of California

11.     Wayfair is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

12.     For diversity purposes, a limited liability company's citizenship is determined based on the citizenship of each member of the company.  *See Cosgrove v. 15 Bartolotta,* 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.     Wayfair is a limited liability company formed in the State of Delaware.  (Stevenson Decl., ¶ 8, Ex. A and B.)  The sole member of Wayfair LLC is SK Retail, Inc. ("SK Retail"). (*Id.*, ¶ 9.)



SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446

14.    As a corporation, SK Retail is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15.    SK Retail is now, and ever since this action commenced has been, incorporated under the laws of the State of Massachusetts.  (Stevenson Decl., ¶ 9, Ex. C.)

16.    Furthermore, Boston, Massachusetts is the site of SK Retail, Inc.'s corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities.  (*Id.*, ¶ 10.)  Many of SK Retail's executive and administrative functions, including corporate financing and accounting, are directed from Boston, Massachusetts. (*Id.*)

17.    Nearly all of SK Retail's corporate decisions, including  operational, executive, administrative and policymaking, are made from its Boston Massachusetts headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety.  (*Id.*)  Accordingly, SK Retail's principal place of business is Boston, Massachusetts under the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

18.    Therefore, because Wayfair's sole member is a citizen of Boston, Massachusetts, Defendant Wayfair is not a California citizen for purposes of diversity jurisdiction.

19.    The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

20.    Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty, does not deprive this Court of jurisdiction.

21. For the reasons stated above, the Court has jurisdiction based on diversity of citizenship.

**C. The Amount in Controversy Exceeds the Statutory Minimum**

22. Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, "the notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice ... permits recovery of damages in excess of the amount demanded." *See Damele v. Mack Trucks, Inc.*, 219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to the statement of damages set forth in his Complaint.) Thus, even if Plaintiff alleges that the amount in controversy for Plaintiff individually does not exceed the sum or value of $75,000, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B); *see, e.g., RT Financial Inc. v. Zamora*, No. 1:12-cv-01581-AW-SKO, 2012 WL 4468763, *2 (E.D. Cal. Sept. 27, 2012) (holding that the preponderance of the evidence standard applied to a complaint which expressly stated that the amount in controversy did not exceed $10,000).

23. The preponderance standard is not a "daunting" standard. *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, No. CIV. S-07-0325FCDEFB, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one

SR
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1    hundred percent accuracy"). Defendant is not obligated to "research, state, and

2    prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp.

3    2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F.

4    Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). A removing defendant must simply

5    produce underlying facts or evidence demonstrating more likely than not the

6    amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102

7    F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing

8    that it is 'more likely than not' that the amount in controversy exceeds [the

9    threshold] amount."); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

10    2005) (district court properly considered damages awards in other similar

11    cases)(emphasis added); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986

12    (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by

13    the plaintiff's complaint, not what a defendant will actually owe).

14         24.    In determining whether the amount in controversy exceeds $75,000,

15    this Court must presume Plaintiff will prevail on each and every one of her claims.

16    *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993,

17    1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th

18    Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on

19    liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount

20    in controversy is not measured by the low end of an open-ended claim, but rather

21    by reasonable reading of the value of the rights being litigated").

22         25.    Additionally, the Court may consider the value of nonmonetary relief

23    sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and

24    nonmonetary relief brought by a single plaintiff against a single defendant.  *See*

25    *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th

26    Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to

27    aggregate two or more of his own claims against a single defendant.'").

28         26.    Where removal is based on diversity of citizenship, and the initial

SR
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

pleading seeks a money judgment but fails to demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2). In that situation, the removing defendant "need include *only a plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

27.    Here, Plaintiff's Complaint does not specify the amount she seeks to recover from Wayfair in this action. Claims like Plaintiff's lawsuit have led to recoveries exceeding the jurisdictional minimum. All calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) could be established. While Wayfair denies any liability as to Plaintiff's claims, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's claims because the allegations demonstrate that Plaintiff seeks damages far in excess of $75,000 for the following reasons:

   a.    **Plaintiff's Counsel's Representations Confirm That Plaintiff Seeks More Than $75,000 In Recovery.** Although Plaintiff's Complaint does not quantify her alleged damages, prior to filing this Notice, Wayfair's counsel had a telephonic conference call with Plaintiff's counsel. (Felton Decl., ¶ 5.) During the call, Plaintiff's counsel represented and confirmed that Plaintiff is seeking more than $75,000 in damages through this lawsuit. (*Id.*)

   b.    **Fair Employment Housing Act ("FEHA") Claims.** Plaintiff alleges that "Defendants, and each of them, violated FEHA and discriminated against [Plaintiff] on the basis of her physical disability, including by [sic] not limited to, terminating [Plaintiff]'s employment," "fail[ed] to have in place effective policies prohibiting discrimination," (Ex. A, Compl. ¶¶ 41, 50(b).) Plaintiff further alleges that "Defendants had notice of [Plaintiff]'s physical disability and need for a reasonable accommodation but Defendants refused to

reasonably accommodate her," and that "Defendants refused to engage in a timely good faith process with [Plaintiff] to determine effective reasonable accommodations as required by" FEHA. (Ex. A, Compl. ¶¶ 62, 76.) Plaintiff also claims that "Defendants terminated [Plaintiff] because she requested a reasonable accommodation for her physical disability. [¶] As a result, Defendants terminated [Plaintiff] in violation of the public policy set forth in FEHA . . . or the public policy set forth in the California Labor Code." (Ex. A, Compl. ¶¶ 87.) As a result of the alleged FEHA violations, Plaintiff claims to have "damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary loss . . . [and Plaintiff] has also suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish and serious severe emotional distress" (Ex. A, Compl. ¶¶ 42, 52 65, 78, and 88.) A review of verdicts in California demonstrates that verdicts in cases involving discrimination commonly exceed $75,000. *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) (the jury awarded the plaintiff $1,650,000 in a discrimination case where the plaintiff's only claimed injury was emotional distress damages); *Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) (the jury awarded a plaintiff in a discrimination case $768,286).

   **c.     Prayer for Punitive Damages.** The Court must also consider each Plaintiff's requests for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy. (Ex. A, Compl. ¶¶ 43, 45, 53, 55, 81, 89, 91; Prayer for Relief ¶ 4.) Punitive damages may be substantial and, in some cases, even exceed the amount in controversy. *See Duin v. Allstate Insurance*

- 9 -

1   *Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997)

2   (since removing defendant was a corporation, "it [was] more likely that any award

3   of punitive damages would exceed $75,000.00"). The economic resources of the

4   defendant and the amount of compensatory damages are two of the three factors

5   courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes*

6   *Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v.*

7   *Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a

8   defendant cannot justify an otherwise unconstitutional punitive damages award ....

9   That does not make its use [in determining the constitutionality of punitive damage

10  awards] unlawful or inappropriate; it simply means that this factor cannot make up

11  for the failure of other factors ...." (internal citations omitted). Here, Wayfair is a

12  large corporation. Therefore, the request for punitive damages further weighs in

13  favor of establishing the amount in controversy.

14          **d.    Reasonable Attorney's Fees.**  This is a claim for disability

15  discrimination brought under FEHA, Cal. Gov't Code § 12940, *et seq.* Plaintiff's

16  Complaint includes a claim for attorney's fees. (Ex. A, Compl. ¶¶ 46, 56, 69;

17  Prayer for Relief ¶ 7.)  Where the underlying statutes entitle a prevailing plaintiff

18  to an award of reasonable attorneys' fees, such fees must be included in the amount

19  in controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004,

20  1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to

21  recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred

22  to resolution is part of the benefit permissibly sought by the plaintiff and thus

23  contributes to the amount in controversy."); *Galt G/S v. JSS Scandinavia*, 142 F.3d

24  1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included

25  in amount in controversy, regardless of whether award is discretionary or

26  mandatory).  The reasonable amount of attorneys' fees in a case may be based

27  upon fee awards in similar cases, Plaintiff's counsel's hourly rate, and the number

28  of hours counsel expects to spend on this case. *See Brady*, 243 F. Supp. 2d at 1011

SR

SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446

(N.D. Cal. 2002). Even a modest amount of attorneys' fees further increases the amount in controversy beyond the jurisdictional minimum. The estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting "attorneys' fees in individual discrimination cases often exceed the damages" and "[s]uch fees necessarily accrue until action is resolved.") Wayfair anticipates substantial discovery and depositions being taken in this case, and that Wayfair will file a Motion for Summary Adjudication and/or Summary Judgment. In this regard, it is more likely than not that the fees will exceed $75,000 through extensive discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. See *Bayer, et al. v. Morse, et al.,* San Francisco Superior Court Case No. CGC-13-534482 (August 26, 2015) (costs of bringing suit including attorney's fees resulted in total judgment of $742,615.28 where jury verdict was only $370,000) (Felton Decl., ¶ 4, Ex. 2.)

28.     Considered together, the general and special damages sought by Plaintiff for all her claims, along with the attorney fees and punitive damages that might be awarded on her claims if she prevails, establishes by a preponderance of the evidence that the amount in controversy for her claim exceeds $75,000, which Plaintiff's counsel confirms the same.

29.     Based upon the allegations in Plaintiff's Complaint and her counsel's representations as to the damages sought through this action, as discussed above, Wayfair is informed and believes and alleges that the amount in controversy in this action has been met. Thus, Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Wayfair and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore proper for removal to this Court.

- 11 -

SANDERS ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## VENUE AND INTRADISTRICT ASSIGNMENT

30.    As discussed above, Plaintiff is a resident of California residing in Riverside County, California.

31.    Plaintiff originally brought this action in the Superior Court of the State of California for the County of Riverside.  The County of Riverside lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

32.    This Court is the United States District Court for the district within which the State Court Action is pending.  Therefore, pursuant to 28 U.S.C. §§ 1391(c)(1), 1441(a) and 1446(a), venue lies in the Central District, Eastern Division, of this Court.

## NOTICE TO STATE COURT AND PLAINTIFF

33.    As required by 28 U.S.C. § 1446(d), Wayfair will promptly provide written notice of this Notice of Removal to Andrew Malatesta of Malatesta Law, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Riverside County.

## CONCLUSION

34.    Consequently, having complied with all pertinent requirements, Wayfair removes the Civil Action from the Superior Court of Riverside County, California, to this Court and respectfully invokes the Court's jurisdiction thereby.

Dated:  May 20, 2021          **SANDERS ROBERTS LLP**

By: _____

Melvin L. Felton, Esq.
Ricardo Reyes, Esq.
Attorneys for Defendant
**WAYFAIR, LLC**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States, over 18 years of age and am not a party to the within action. My business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place. My electronic service address is: bsamuels@sandersroberts.com.

On May 20, 2021 I served the foregoing document(s) described as:

**DEFENDANT WAYFAIR, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as stated in the attached service list:



⊔ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business.

⊔ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581**. No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

⊠ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

⊔ **VIA ELECTRONIC SERVICE**  I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown   I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

⊔ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery to the recipients shown on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 20, 2021, at Los Angeles, California.

_____/s/ Brittney Samuels_
Brittney Samuels

- i -

CERTIFICATE OF SERVICE

1
2

## SERVICE LIST
*J.B. vs. Nike, Inc., et al.*
SBSC – Case No.: CIVSB2028321

3    Christopher B. Dolan, Esq.          **Attorneys for Plaintiffs**
4    Emile A. Davis, Esq.                J.B. through and by her guardian ad
     Mari Bandoma Callado                litem J.G.B.
5    DOLAN LAW FIRM, PC
6    1438 Market Street
     San Francisco, California 94102
7    Tel.: (415) 421-2800
8    Fax: (415) 421-2830

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- ii -