MELVIN L. FELTON (SBN 276047)
mfelton@sandersroberts.com
RICARDO REYES (SBN 329957)
rreyes@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 W. 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone:  213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendant
WAYFAIR, LLC

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MAYRA INIGUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAYFAIR, LLC, a Corporation and DOES 1-25, inclusive,<br><br>Defendants. | ) Case No.:  5:21-cv-00880<br>)<br>) **DECLARATION OF MELVIN L. FELTON  IN SUPPORT OF DEFENDANT WAYFAIR, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br>)<br>) Trial Date: None<br>) State Court Complaint Filed: March 15, 2021<br>)<br>) [Riverside County Superior Court Case No. CVRI2101374] |

- 1 -

## <u>DECLARATION OF MELVIN L. FELTON</u>

I, Melvin L. Felton do hereby declare and state as follows:

1.     I am a partner in the law firm of Sanders Roberts LLP and I am admitted to practice before this Court.  I am counsel of record for Defendant Wayfair, LLC ("Wayfair").  If called as a witness, I could and would testify competently to the information set forth herein.

2.     Wayfair was served with the Complaint on April 23, 2021 and is filing this Notice of Removal within 30 days of service.  A true and correct copy of the Service Page from Plaintiff's Complaint is attached hereto as **Exhibit 1**.

3.     This Notice of Removal is therefore timely.

4.     As part of preparing the concurrently filed Notice of Removal, I conducted an online search of jury verdicts in California. Pursuant to which I found information relating to *Bayer, et al. v. Morse, et al.*, San Francisco Superior Court Case No. CGC-13-534482 (August 26, 2015).  A true and correct copy of the information obtained is attached hereto as **Exhibit 2**.

5.     On Friday, May 14, 2021, I had a telephonic conference with Andrew J. Malatesta of Malatesta Law, counsel for Plaintiff.  On that call, Mr. Malatesta represented and confirmed that Plaintiff is seeking damages in excess of $75,000 through her Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of May, 2021, at Los Angeles.

MELVIN L. FELTON

- 2 -

SR
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

# <u>EXHIBIT 1</u>

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAYFAIR, LLC., a corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAYRA INIGUEZ, an individual,

<div style="border:1px solid">
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 15 2021

I. SIRACUSA
</div>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br>4050 Main Street, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):* **CVRI 2101374** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew J. Malatesta, 16501 Ventura Blvd., Suite 400, Encino, CA 91604, 424-284-1384

| DATE: | MAR 15 2021 | Clerk, by | I. Siracusa | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:   WAYFAIR, LLC., a corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**MALATESTA LAW**
Andrew J. Malatesta (State Bar No. 286344)
16501 Ventura Blvd., Suite 400
Encino, California 91436
Telephone: (424) 284-1384
Facsimile: (424) 284-8170
AJM@Malatesta-Law.com

Attorney for Plaintiff
Mayra Iniguez

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 15 2021

L. SIRACUSA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

MAYRA INIGUEZ, an individual,

        Plaintiff,

        v.

WAYFAIR, LLC., a corporation; and
DOES 1 through 25, inclusive,

        Defendants.

CASE NO. **CVRI 2101374**

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1. **UNLAWFUL DISCRIMINATION BASED UPON PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940, et seq.;**

2. **FAILURE TO PREVENT DISCRIMINATION –** *GOVERNMENT CODE* **SECTION 12940, et seq.;**

3. **FAILURE TO REASONABLY ACCOMMODATE A PHYSICAL DISABILITY IN VIOLATION OF FEHA –** *GOVERNMENT CODE* **SECTION 12940, et seq.;**

4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS --** *GOVERNMENT CODE* **SECTION 12940, et seq.; 9**

5. **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

Plaintiff Mayra Iniguez ("Iniguez" or "Plaintiff") alleges as follows as to herself and her own acts, and on information and belief as to all other matters:

## I.

## PARTIES

1.    At all times mentioned herein, Mrs. Iniguez was an individual employed by Wayfair Enterprises, Inc. ("Wayfair" or "Defendant"). Mrs. Iniguez performed work for Defendant Wayfair within the County of Riverside, State of California. The unlawful conduct alleged herein occurred in the County of Riverside, State of California.

2.    At all times mentioned herein, Defendant Wayfair was a business entity registered with the California Secretary of State conducting business in the County of Riverside, State of California.

3.    At all times mentioned herein, Defendant Wayfair was an "employer" as the term is defined by California Government Code Section 12926(d), who regularly employed five (5) or more persons.

4.    Mrs. Iniguez is informed and believes and thereon alleges that at all material times herein mentioned, each of the Defendants named in the caption and each Doe Defendant (hereinafter collectively "Defendants") was an agent, employee and/or partner of the remaining Defendants, including the Doe Defendants, and, in doing the things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-Defendants.

5.    Mrs. Iniguez is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Mrs. Iniguez will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Mrs. Iniguez is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner

1

for the acts complained of herein.  Unless otherwise stated, all references to named Defendants shall include the Doe Defendants as well.

## II.

## VENUE

6.      Under the California Fair Employment and Housing Act ("FEHA"), "[a]n action may be brought in any county in the State of California in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked. . . but for the unlawful practice . . ." *Government Code* Section 12965(b).  The unlawful practices giving rise to the claims in this Complaint were committed in the County of Riverside. For this reason, venue is proper in the County of Riverside.

## III.

## FACTUAL ALLEGATIONS

7.      Mrs. Iniguez began working for Wayfair on or about September 30, 2019 as a third shift warehouse lead at the company's warehouse located at 3300 Indian Ave., Perris, CA 92571.

8.      On or about February 2020, Mrs. Iniguez moved to the warehouse's first shift.

9.      On or about March 18, 2020, Mrs. Iniguez became ill with a high fever and severe cough. Mrs. Iniguez informed her supervisor, as well as the human resources department, about her illness and that, in addition, she was going to get tested for Covid-19.

10.     Mrs. Iniguez saw her doctor but unfortunately, due to a shortage of Covid-19 tests in the area, Mrs. Iniguez was unable to get tested. As a result, to limit the potential spread of Covid-19, pursuant to her doctor's orders, Mrs. Iniguez was instructed to quarantine for 14 days.

11.     Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 16, 2010 until March 29, 2020. A true and correct copy of Mrs. Iniguez's March 18, 2010 doctor's note is attached hereto as Exhibit "A."

PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES

12.    While quarantining, Mrs. Iniguez continued to feel ill and additionally experienced heart pain and shortness of breath. Because of her condition, Mrs. Iniguez sought additional medical care.

13.    In the ensuing weeks, Mrs. Iniguez had ongoing communication with Steven Pho, a senior associate in Wayfair's talent management division, about her inability to work as a result of her physical condition.

14.    Throughout her time off of work, Mrs. Iniguez provided all of her doctor's notes placing her off of work to Mr. Pho.

15.    On March 31, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 30, 3030 to April 12, 2020. A true and correct copy of Mrs. Iniguez's March 31, 2020 doctor's note is attached hereto as Exhibit "B."

16.    On April 13, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 30, 2020 to April 13, 2020. A true and correct copy of Mrs. Iniguez's April 13, 2020 doctor's note is attached hereto as Exhibit "C."

17.    On April 14, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 13, 2020 to April 17, 2020. A true and correct copy of Mrs. Iniguez's April 14, 2020 doctor's note is attached hereto as Exhibit "D."

18.    On April 24, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 20, 2020 to April 23, 2020. A true and correct copy of Mrs. Iniguez's April 24, 2020 doctor's note is attached hereto as Exhibit "E."

19.    On April 27, 2020, in an e-mail to Mr. Pho, Mrs. Iniguez specifically informed Mr. Pho that her "primary doctor has recommended [her] to see a specialist."

20.    On April 29, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 20 to April 29, 2019. A true and correct copy of Mrs. Iniguez's April 29, 2020 doctor's note is attached hereto as Exhibit "F."

21.    On May 4, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from May 4, 2020 to May 31, 2020. A true and correct copy of Mrs. Iniguez's May 4, 2020 doctor's

3

1   note is attached hereto as Exhibit "G."

2       22.    On May 12, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

3   April 30, 2020 to May 1, 2020. A true and correct copy of Mrs. Iniguez's May 12, 2020

4   doctor's note is attached hereto as Exhibit "H."

5       23.    On June 3, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

6   May 27, 2020 to June 9, 2020. A true and correct copy of Mrs. Iniguez's June 3, 2020 doctor's

7   note is attached hereto as Exhibit "I."

8       24.    On June 10, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

9   June 10, 2020 to June 17, 2020. A true and correct copy of Mrs. Iniguez's June 10, 2020

10  doctor's note is attached hereto as Exhibit "J."

11      25.    On June 16, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

12  June 16, 2020 to June 25, 2020. A true and correct copy of Mrs. Iniguez's June 16, 2020

13  doctor's note is attached hereto as Exhibit "K."

14      26.    On June 25, 2020, Mrs. Iniguez informed Mr. Pho that she was going to have a

15  biopsy and undergo additional testing.

16      27.    On June 26, 2020, Mr. Iniguez's doctor placed Mrs. Iniguez off of work from

17  June 26, 2020 to June 30, 2020. A true and correct copy of Mrs. Iniguez's June 26, 2020

18  doctor's note is attached hereto as Exhibit "L."

19      28.    On July 2, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

20  July 2, 2020 to July 16, 2020. A true and correct copy of Mrs. Iniguez's July 2, 2020 doctor's

21  note is attached hereto as Exhibit "M."

22      29.    On July 21, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

23  July 16, 2020 to July 26, 2020. A true and correct copy of Mrs. Iniguez's July 21, 2020

24  doctor's note is attached hereto as Exhibit "N."

25      30.    On July 23, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from

26  July 20, 2020 to July 31, 2020. A true and correct copy of Mrs. Iniguez's July 23, 2020

27  doctor's note is attached hereto as Exhibit "O."

28

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

31.    On August 5, 2020, Mrs. Iniguez called Mr. Pho and left him a message regarding her condition and inability to work. In addition, Mrs. Iniguez sent Mr. Pho an e-mail in which she informed him that she would be undergoing surgery.

32.    On August 18, 2020, after Mr. Pho inquired about Mrs. Iniguez providing additional information about her leave, Mrs. Iniguez sent Mr. Pho an e-mail stating: "I gave the documents to the doctor. He mentioned that there is no accommodation because I would not be attending work until after recover from surgery. He has the documents…" A true and correct copy of Mrs. Iniguez's August 18, 2020 e-mail to Mr. Pho is attached hereto as Exhibit "P"

33.    On August 20, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from August 20, 2020 to September 9, 2020. A true and correct copy of Mrs. Iniguez's August 21, 2020 doctor's note is attached hereto as Exhibit "Q."

34.    On August 21, 2020, Mrs. Iniguez informed Mr. Pho in an e-mail that her surgery was scheduled for September 28, 2020.

35.    On August 21, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from August 3, 2020 to August 24, 2020. A true and correct copy of Mrs. Iniguez's August 21, 2020 doctor's note is attached hereto as Exhibit "R."

36.    On August 24, 2020, Mr. Pho, despite having been told by Mrs. Iniguez that she would have her surgery on September 28, 2020 and that she would be returning to work shortly thereafter, terminated Ms. Iniguez's employment.

**IV.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

37.    Prior to the institution of this lawsuit, Mrs. Iniguez filed a complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH"), pursuant to California Government Code Sections 12900, *et seq*. alleging that the acts described in this complaint violated the California Fair Employment and Housing Act, California Government Code Sections 12940, et seq. ("FEHA"). On February 24, 2021 the DFEH issued a "Right to Sue" letter, a true and correct copy of which is attached hereto,

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1  marked as Exhibit "S" and by this reference incorporated herein. All conditions precedent to

2  the institution of this lawsuit have been fulfilled. This action is filed within one year of the date

3  that the DFEH issued its right to sue letter.

**V.**

**FIRST CAUSE OF ACTION**

**Unlawful Discrimination Based Upon Physical Disability in Violation of the California**

**Fair Employment and Housing Act – Government Code Section 12940, et seq.**

**(Against All Defendants)**

9       38.    Mrs. Iniguez realleges and incorporates by reference all preceding paragraphs of

10  this Complaint as if fully alleged herein.

11      39.    Defendants are subject to the laws of the State of California and are entities

12  subject to suit under FEHA because they regularly employ five (5) or more persons in the state

13  of California.

14      40.    At all relevant times herein, Mrs. Iniguez was an employee of Defendants who

15  suffered from a physiological disease, disorder, or condition that affected her musculoskeletal

16  and/or reproductive body system and limited a major life activity, i.e. Mrs. Iniguez's physical

17  activities and working. (Cal. Gov. Code §12926(m)) As such, Mrs. Iniguez had a physical

18  disability under FEHA.

19      41.    Defendants, and each of them, violated FEHA and discriminated against Mrs.

20  Iniguez on the basis of her physical disability by conduct, including by not limited to,

21  terminating Mrs. Iniguez's employment.

22      42.    As a proximate result of the conduct of Defendants, and each of them, Mrs.

23  Iniguez has suffered and will continue to suffer damages in terms of lost wages, lost bonuses,

24  lost benefits, and other pecuniary loss according to proof. Mrs. Iniguez has also suffered and

25  will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

26  serious, severe emotional distress. The amount of Mrs. Iniguez's damages will be ascertained

27  at trial.

28

6

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

43.     Defendants acted in a despicable, oppressive, and/or malicious manner with the intent of injuring or damaging Mrs. Iniguez or with conscious disregard of her rights and with the intent to vex, injure, and annoy Mrs. Iniguez, such as to constitute oppression, fraud or malice under California *Civil Code* Section 3294, thereby entitling Mrs. Iniguez to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

44.     The acts of oppression, fraud, or malice were engaged in by an officer, managing agent, owner and/or employee of Defendants.

45.     Each of the foregoing Defendant employers had advance knowledge of the unfitness of each employee who acted with malice, oppression, or fraud and employed him or her with a conscious disregard of the rights or safety of Mrs. Iniguez, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of each of the corporate employer Defendants, thereby entitling Mrs. Iniguez to punitive and exemplary damages against each corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum appropriate to punish and make an example of each corporate employer Defendant.

46.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions.  Mrs. Iniguez has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Mrs. Iniguez has incurred and will continue to incur attorneys' fees and costs herein.  Mrs. Iniguez is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

47.     Mrs. Iniguez has been generally damaged in an amount within the jurisdictional limits of this Court.

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

# VI.

## SECOND CAUSE OF ACTION

**Failure to Prevent Discrimination in Violation of the California Fair Employment and Housing Act – Government Code Section 12940, et seq.**

**(Against All Defendants)**

48.     Mrs. Iniguez realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

49.     Defendants are subject to the laws of the State of California and are entities subject to suit under FEHA because they regularly employ five (5) or more persons in the state of California.

50.     Defendants violated California Government Code Section 12940(k) by acts which included, but were not limited to, the following:

(a)     Allowing employees, supervisors, and/or managers to discriminate against Mrs. Iniguez;

(b)     Failing to have in place effective policies prohibiting discrimination;

(c)     Failing to effectively enforce policies prohibiting discrimination; and

(d)     By the other conduct alleged above.

51.     As a result of the foregoing conduct by Defendants, Mrs. Iniguez was subjected to discrimination as set forth above.

52.     As a proximate result of the conduct of Defendants, and each of them, Mrs. Iniguez has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Mrs. Iniguez has also suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe emotional distress.  The amount of Mrs. Iniguez's damages will be ascertained at trial.

53.     Defendants acted in a despicable, oppressive, and/or malicious manner with the intent of injuring or damaging Mrs. Iniguez or with conscious disregard of her rights and with

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1  the intent to vex, injure, and annoy Mrs. Iniguez, such as to constitute oppression, fraud or

2  malice under California *Civil Code* Section 3294, thereby entitling Mrs. Iniguez to punitive and

3  exemplary damages against Defendants in a sum appropriate to punish and make an example of

4  Defendants.

5       54.    The acts of oppression, fraud, or malice were engaged in by an officer,

6  managing agent, owner and/or employee of Defendants.

7       55.    Each of the foregoing Defendant employers had advance knowledge of the

8  unfitness of each employee who acted with malice, oppression, or fraud and employed him or

9  her with a conscious disregard of the rights or safety of Mrs. Iniguez, and/or authorized or

10  ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

11  personally guilty of oppression, fraud, or malice. The advance knowledge and conscious

12  disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or

13  on the part of an officer, director, or managing agent of each of the corporate employer

14  Defendants, thereby entitling Mrs. Iniguez to punitive and exemplary damages against each

15  corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum

16  appropriate to punish and make an example of each corporate employer Defendant.

17       56.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

18  the prevailing party in an action brought under its provisions. Mrs. Iniguez has employed and

19  will continue to employ attorneys for the initiation and prosecution of this action. Mrs. Iniguez

20  has incurred and will continue to incur attorneys' fees and costs herein. Mrs. Iniguez is entitled

21  to an award of attorneys' fees and costs under California Government Code Section 12965(b).

22       57.    Mrs. Iniguez has been generally damaged in an amount within the jurisdictional

23  limits of this Court.

24

25

26

27

28

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

## VII.

### THIRD CAUSE OF ACTION

**Failure to Reasonably Accommodate a Physical Disability in Violation of FEHA –**

**Government Code Section 12940, et seq.**

**(Against All Defendants)**

58.    Mrs. Iniguez realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged herein.

59.    Defendants are subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination because they regularly employ five or more persons in the State of California.

60.    At all relevant times herein, Mrs. Iniguez was an employee of Defendants who suffered from a physiological disease, disorder, or condition that affected her musculoskeletal and/or reproductive body system and limited a major life activity, i.e. Mrs. Iniguez's physical activities and working.  (Cal. Gov. Code §12926(m)) As such, Mrs. Iniguez had a physical disability under FEHA.

61.  California *Government Code* Section 12940(m) makes it unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

62.    Defendants had notice of Mrs. Iniguez's physical disability and need for a reasonable accommodation but Defendants refused to reasonably accommodate her.

63.    Defendants' failed to reasonably accommodate Mrs. Iniguez's physical disability by:

      a.    Failing to change the terms and/or conditions of Mrs. Iniguez's employment;

      b.    Failing to provide Mrs. Iniguez the medical leave she needed;

      c.    Terminating Mrs. Iniguez's employment.

64.    Defendants violated California *Government Code* Section 12940(m) by failing

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1 | or refusing to provide Mrs. Iniguez with a reasonable accommodation for her known physical

2 | disability.

3 |      65.    As a proximate result of the conduct of the Defendants, and each of them, Mrs.

4 | Iniguez has suffered and will continue to suffer damages in terms of lost wages, lost bonuses,

5 | lost benefits, and other pecuniary loss according to proof. Mrs. Iniguez has also suffered and

6 | will continue to suffer physical and emotional injuries, including nervousness, humiliation,

7 | depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The

8 | amount of Mrs. Iniguez' damages will be ascertained at trial.

9 |      66.    Defendants acted in a despicable, oppressive, and/or malicious manner with the

10 | intent of injuring or damaging Mrs. Iniguez or with conscious disregard of her rights and with

11 | the intent to vex, injure, and annoy Mrs. Iniguez, such as to constitute oppression, fraud or

12 | malice under California *Civil Code* Section 3294, thereby entitling Mrs. Iniguez to punitive and

13 | exemplary damages against Defendants in a sum appropriate to punish and make an example of

14 | Defendants.

15 |      67.    The acts of oppression, fraud, or malice were engaged in by an officer,

16 | managing agent, owner and/or employee of Defendants.

17 |      68.    Each of the foregoing Defendant employers had advance knowledge of the

18 | unfitness of each employee who acted with malice, oppression, or fraud and employed him or

19 | her with a conscious disregard of the rights or safety of Mrs. Iniguez, and/or authorized or

20 | ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

21 | personally guilty of oppression, fraud, or malice. The advance knowledge and conscious

22 | disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or

23 | on the part of an officer, director, or managing agent of each of the corporate employer

24 | Defendants, thereby entitling Mrs. Iniguez to punitive and exemplary damages against each

25 | corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum

26 | appropriate to punish and make an example of each corporate employer Defendant.

27 |      69.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

28 |

11

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1   the prevailing party in an action brought under its provisions. Mrs. Iniguez has employed and

2   will continue to employ attorneys for the initiation and prosecution of this action. Mrs. Iniguez

3   has incurred and will continue to incur attorneys' fees and costs herein. Mrs. Iniguez is entitled

4   to an award of attorneys' fees and costs.

5          70.    Mrs. Iniguez has been generally damaged in an amount within the jurisdictional

6   limits of this Court.

7                                          **VIII.**

8                          **FOURTH CAUSE OF ACTION**

9   **Failure to Engage in the Interactive Process in Violation of FEHA – Government Code**

10                          **Section 12940, et seq.**

11                          **(Against All Defendants)**

12         71.    Mrs. Iniguez realleges and incorporates by reference all preceding paragraphs of

13  this Complaint, as though fully set forth herein.

14         72.    Defendants are subject to the laws of the State of California and are entities

15  subject to suit under FEHA for discrimination because they regularly employ five or more

16  persons in the State of California.

17         73.    At all relevant times herein, Mrs. Iniguez was an employee of Defendants who

18  suffered from a physiological disease, disorder, or condition that affected her musculoskeletal

19  and/or reproductive body system and limited a major life activity, i.e. Mrs. Iniguez's physical

20  activities and working. (Cal. Gov. Code §12926(m)) As such, Mrs. Iniguez had a physical

21  disability under FEHA.

22         74.    California *Government Code* Section 12940(n) makes it unlawful "[f]or an

23  employer or other entity covered by this part to fail to engage in a timely, good faith interactive

24  process with the employee or applicant to determine an effective reasonable accommodation, if

25  any, in response to a request for a reasonable accommodation by an employee or applicant with

26  a known physical or mental disability or known medical condition."

27         75.    California *Government Code* Section 12926.1(e) states, "The legislature affirms

28

                                          12

                    **PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1  the importance of the interactive process between the applicant or employee and the employer

2  in determining a reasonable accommodation, as this requirement has been articulated by the

3  Equal Employment Opportunity Commission in its interpretive guidance of the Americans with

4  Disabilities Act."

5    76.    Mrs. Iniguez made requests to Defendants for reasonable accommodations for

6  her physical disability but Defendants refused to engage in a timely good faith process with

7  Mrs. Iniguez to determine effective reasonable accommodations as required by California

8  *Government Code* Sections 12940(n) and 12926.1(e).

9    77.    Had Defendants engaged in a timely good faith interactive process, there were

10 available reasonable accommodations which would have accommodated Mrs. Iniguez's

11 disability.

12    78.    As a proximate result of the conduct of the Defendants, and each of them, Mrs.

13 Iniguez has suffered and will continue to suffer damages in terms of lost wages, lost bonuses,

14 lost benefits, and other pecuniary loss according to proof.  Mrs. Iniguez has also suffered and

15 will continue to suffer physical and emotional injuries, including nervousness, humiliation,

16 depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The

17 amount of Mrs. Iniguez's damages will be ascertained at trial.

18    79.    Defendants acted in a despicable, oppressive, and/or malicious manner with the

19 intent of injuring or damaging Mrs. Iniguez or with conscious disregard of her rights and with

20 the intent to vex, injure, and annoy Mrs. Iniguez, such as to constitute oppression, fraud or

21 malice under California *Civil Code* Section 3294, thereby entitling Mrs. Iniguez to punitive and

22 exemplary damages against Defendants in a sum appropriate to punish and make an example of

23 Defendants.

24    80.    The acts of oppression, fraud, or malice were engaged in by an officer,

25 managing agent, owner and/or employee of Defendants.

26    81.    Each of the foregoing Defendant employers had advance knowledge of the

27 unfitness of each employee who acted with malice, oppression, or fraud and employed him or

28

13

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1    her with a conscious disregard of the rights or safety of Mrs. Iniguez, and/or authorized or

2    ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

3    personally guilty of oppression, fraud, or malice. The advance knowledge and conscious

4    disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or

5    on the part of an officer, director, or managing agent of each of the corporate employer

6    Defendants, thereby entitling Mrs. Iniguez to punitive and exemplary damages against each

7    corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum

8    appropriate to punish and make an example of each corporate employer Defendant.

9        82.      FEHA provides for an award of reasonable attorneys' fees and costs incurred by

10    the prevailing party in an action brought under its provisions. Mrs. Iniguez has employed and

11    will continue to employ attorneys for the initiation and prosecution of this action. Mrs. Iniguez

12    has incurred and will continue to incur attorneys' fees and costs herein. Mrs. Iniguez is entitled

13    to an award of attorneys' fees and costs.

14        83.      Mrs. Iniguez has been generally damaged in an amount within the jurisdictional

15    limits of this Court.

16                                    **IX.**

17                       **FIFTH CAUSE OF ACTION**

18    **Wrongful Termination of Employment in Violation of Public Policy – Government Code**

19                       **Section 12940, et Seq.**

20                       **(Against All Defendants)**

21        84.      Mrs. Iniguez realleges and incorporates by reference all preceding paragraphs

22    of this Complaint as though fully alleged herein.

23        85.      Defendants terminated Mrs. Iniguez because she suffered from a physical

24    disability.

25        86.      Defendants terminated Mrs. Iniguez because she requested a reasonable

26    accommodation for her physical disability.

27        87.      As a result, Defendants terminated Mrs. Iniguez in violation of the public policy

28

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1  set forth in FEHA, California *Government Code* Section 12940, et seq. or the public policy set

2  forth in the California Labor Code.

3      88.    As a proximate result of the conduct of Defendants, and each of them, Mrs.

4  Iniguez has suffered and will continue to suffer damages in terms of lost wages, lost bonuses,

5  lost benefits, and other pecuniary losses according to proof.  Mrs. Iniguez also has suffered and

6  will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

7  serious, severe emotional distress.  The amount of Mrs. Iniguez's damages will be ascertained

8  at trial.

9      89.    Defendants acted in a despicable, oppressive, and/or malicious manner with the

10  intent of injuring or damaging Mrs. Iniguez or with conscious disregard of her rights and with

11  the intent to vex, injure, and annoy Mrs. Iniguez, such as to constitute oppression, fraud or

12  malice under California *Civil Code* Section 3294, thereby entitling Mrs. Iniguez to punitive and

13  exemplary damages against Defendants in a sum appropriate to punish and make an example of

14  Defendants.

15      90.    The acts of oppression, fraud, or malice were engaged in by an officer,

16  managing agent, owner and/or employee of Defendants.

17      91.    Each of the foregoing Defendant employers had advance knowledge of the

18  unfitness of each employee who acted with malice, oppression, or fraud and employed him or

19  her with a conscious disregard of the rights or safety of Mrs. Iniguez, and/or authorized or

20  ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

21  personally guilty of oppression, fraud, or malice.  The advance knowledge and conscious

22  disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or

23  on the part of an officer, director, or managing agent of each of the corporate employer

24  Defendants, thereby entitling Mrs. Iniguez to punitive and exemplary damages against each

25  corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum

26  appropriate to punish and make an example of each corporate employer Defendant.

27      92.    Mrs. Iniguez has been generally damaged in an amount within the jurisdictional

28

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1 | limits of this Court.

2 |       WHEREFORE, Plaintiff prays for judgment as set forth below:

3 | ### **PRAYER**

4 |     1.    For general damages, according to proof, on each cause of action for which such

5 | damages are available;

6 |     2.    For special damages, according to proof, on each cause of action for which such

7 | damages are available;

8 |     3.    For compensatory damages, according to proof, on each cause of action for

9 | which such damages are available;

10 |     4.    For punitive damages, according to proof, for each cause of action for which

11 | such damages are available;

12 |     5.    For contractual damages, according to proof, for each cause of action for which

13 | such damages are available;

14 |     6.    For prejudgment and post-judgment interest according to law;

15 |     7.    For reasonable attorneys' fees incurred in this action on those causes of action

16 | for which such fees are recoverable under the law;

17 |     8.    For costs of suit incurred in this action;

18 |     9.    For declaratory and injunctive relief;

19 |     10.    For such other and further relief as the Court deems just and proper.

20 |

21 | Dated: March _15__, 2021              MALATESTA LAW

22 |

23 |                                *Andrew Malatesta*<br>                        By: _____

24 |                                Andrew J. Malatesta<br>                               Attorney for Plaintiff<br>                               Mayra Iniguez

25 |

26 |

27 |

28 |

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

1

**DEMAND FOR JURY TRIAL**

2     Plaintiff Mayra Iniguez hereby demands a jury trial on all causes of action alleged in

3  this Complaint for Damages.

4

Dated: March __15_, 2021                              MALATESTA LAW

5

6                                                *Andrew Malatesta*

                                         By: _____
7                                               Andrew J. Malatesta
                                               Attorney for Plaintiff
8                                               Mayra Iniguez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF MAYRA INIGUEZ'S COMPLAINT FOR DAMAGES**

# EXHIBIT A

Name: Mayra Iniguez | DOB: 7/28/1983 | ▮▮▮▮▮    PCP: Rolando Gutierrez, MD

## Letter Details



# RANCHO FAMILY
## M E D I C A L   G R O U P

Mayra Iniguez | ▮▮▮▮▮▮

March 18, 2020

Mayra Iniguez
26866 Round Up St
Winchester CA 92596

▮▮▮▮▮▮
DOB: 7/28/1983

Mayra Iniguez is UNABLE to attend work for medical reasons 03/16/2020-03/27/2020
Mayra may return to work on 03/30/2020 with no limitations.

Sincerely,

Michelle Etesami FNP-C

RANCHO FAMILY MEDICAL GROUP  SUN CITY
27100 SUN CITY BLVD.
SUN CITY CA 92586
TEL: 951-676-4193
FAX: 951-228-0272
Page 1 of 1

# EXHIBIT B

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████ PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

March 31, 2020                                                    MRN: ███████

**Mayra Iniguez**
**26866 Round Up St**
**Winchester CA 92596**

**DOB: 072883**

# Work Status Report

**Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/12/2020**
**Mayra may return to work on 04/13/2020 with no limitations.**

This form has been electronically signed and authorized by Michelle Etesami FNP-C 03/31/20 1:43 PM

Sincerely,

# EXHIBIT C

Name: Mayra Iniguez | DOB: 7/28/1983 | ████████  PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

**April 13, 2020**

████████

**Mayra Iniguez**
**26866 Round Up St**
**Winchester CA 92596**

**DOB: 072883**

Please see below for this health providers directives and information relating to this encounter:

# Work Status Report

**Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/13/2020**
**Mayra may return to work on 04/14/2020 with no limitations.**

This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/13/20 10:44AM

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT D

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████  PCP: Rolando Gutierrez, MD

## Letter Details



April 14, 2020                                                      ███████████

**Mayra Iniguez**
26866 Round Up St
Winchester CA 92596

DOB: 072883

Please see below for this health providers directives and information relating to this encounter:

# Work Status Report

Mayra Iniguez is UNABLE to attend work for medical reasons 04/13/2020-04/17/2020
Mayra may return to work on 04/18/2020 with no limitations.

This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/14/20 7:19AM

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT E

Fax Server          4/24/2020 3:42:01 PM   PAGE   2/002   Fax Server

MP
DEA # BA3780942                                      LIC # G5211B

**CARDIOLOGY**
**SPECIALISTS**
**MEDICAL GROUP**

**JATIN N. AMIN, M.D.**

39755 Murrieta Hot Springs Rd., Bldg G, Murrieta, CA 92563 • (951) 368-0199
31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 552-3937
3853 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 552-3937
21091 Rider St., Suite 218, Perris, CA 92570 • (951) 552-3937
Fax (951) 672-6862

NAME Iniguez, Mayra. S. DOB 7/28/1983
ADDRESS _____ DATE 4/24/2020

Rx (PLEASE PRINT)                    REF. DR. _____

Please excuse from
work from 4/20/2020
to 4/23/2020. Stable to
return 4/24/2020 with no
limitations.

EFT ☐
ECHO ☐
HOLTER ☐
ABI ☐
L. CATH ☐
NUC. MED ☐

☐ LABEL
REFILL

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.

# EXHIBIT A

Name: Mayra Iniguez | DOB: 7/28/1983 | ██████████ PCP: Rolando Gutierrez, MD

## Letter Details



RANCHO FAMILY
MEDICAL GROUP

Mayra Iniguez | ██████████

March 18, 2020

Mayra Iniguez
26866 Round Up St
Winchester CA 92596

██████████
DOB: 7/28/1983

Mayra Iniguez is UNABLE to attend work for medical reasons 03/16/2020-03/27/2020
Mayra may return to work on 03/30/2020 with no limitations.

Sincerely,

Michelle Etesami FNP-C

RANCHO FAMILY MEDICAL GROUP- SUN CITY
27190 SUN CITY BLVD.
SUN CITY CA 92586
TEL: 951-676-4193
FAX: 951-225-0272
Page 1 of 1

# EXHIBIT B

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████    PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

March 31, 2020                                                        MRN: ███████

Mayra Iniguez
26866 Round Up St
Winchester CA 92596

DOB: 072883

# Work Status Report

**Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/12/2020**
**Mayra may return to work on 04/13/2020 with no limitations.**

This form has been electronically signed and authorized by Michelle Etesami FNP-C 03/31/20 1:43 PM

Sincerely,

**EXHIBIT C**

Name: Mayra Iniguez | DOB: 7/28/1983 | ████████ | PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

April 13, 2020                                                                    ████████

Mayra Iniguez
26866 Round Up St
Winchester CA 92596

DOB: 072883

Please see below for this health providers directives and information relating to this encounter:

# Work Status Report

Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/13/2020
Mayra may return to work on 04/14/2020 with no limitations.

This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/13/20 10:44AM

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT D

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████ | PCP: Rolando Gutierrez, MD

Letter Details



RANCHO FAMILY
M E D I C A L   G R O U P

April 14, 2020                                                    ████████████

**Mayra Iniguez**
26866 Round Up St
Winchester CA 92596

DOB: 072883

Please see below for this health providers directives and information relating to this encounter:

# Work Status Report

Mayra Iniguez is UNABLE to attend work for medical reasons 04/13/2020-04/17/2020
Mayra may return to work on 04/18/2020 with no limitations.

This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/14/20 7:19AM

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT E

ORIGINAL DOCUMENT ON PAPER THAT HAS TRUE WATERMARK, COLORS AND TEXTURE OR PAPER

DO NOT FILL IF FEATURES NOT VISIBLE

MP                                                                    MP
DEA # BA3760042                                            LIC # G82118

**CARDIOLOGY**
**SPECIALISTS**
**MEDICAL GROUP**

**JATIN N. AMIN, M.D.**
☐ 39755 Murrieta Hot Springs Rd., Bldg U, Murrieta, CA 92563 • (951) 368-0199
☐ 31581 Canyon Estates Dr., Lake Elsinore, CA 92532 • (951) 352-3937
☐ 3853 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 352-3937
☐ 21091 Rider St., Suite 218, Perris, CA 92570 • (951) 352-3937
Fax (951) 672-6062

NAME  Iniguez, Mayra, S.    DOB  7/28/1983

ADDRESS _____    DATE  4/24/2020

℞ (PLEASE PRINT)              REF. DR. _____

Please excuse from
work from 4/20/2020
to 4/23/2020. Stable to
return 4/24/2020 with no
limitations.

ETT    ☐
ECHO   ☐
HOLTER ☐
ABI    ☐
L. CATH ☐
NUC. MED ☐

☐ LABEL
REFILL ____ TIMES  PRN  ☐ PRN

☐ DO NOT SUBSTITUTE.
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.

POS PROOF# 112221

SECURE RX FEATURES LISTED ON BACK!

# EXHIBIT F

**EXHIBIT F**

04/29/2020 WED 12:58 FAX                                    ☑001/001

DO NOT FILL IF FEATURES NOT VISIBLE

DEA # BA3780342                                      LIC # G872119

**CARDIOLOGY
SPECIALISTS
MEDICAL GROUP**

**JATIN N. AMIN, M.D.**

❑ 3770 Elizabeth St., Riverside, CA 92506 • (951) 352-3937
❑ 35755 Murrieta Hot Springs Rd., Bldg G, Murrieta, CA 92563 • (951) 368-0199
❑ 21091 Rider St., Suite 218, Perris, CA 92570 • (951) 352-3937
❑ 31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 352-3937
❑ 703 Magnolia Ave., Corona, CA 92879 • (951) 352-3937
❑ 3853 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 352-3937
❑ 706 S. Main St., Fallbrook, CA 92028 • (951) 368-0199
Fax (951) 672-6062

NAME Mayra Iniguez        DOB 7/28/1982

ADDRESS                   DATE 4/29/2020

Rx (PLEASE PRINT)                    REF. DR.

DX:

Please excuse from
work from 4/20/2020
to 4/29/2020. Stable to
return 4/30/2020 w/ no
            limitations

❑ ETT
❑ ECHO
❑ HOLTER
❑ ABI
❑ H. CATH
❑ NUC. MED

❑ LABEL
REFILL _____ TIMES    PRN    NR

❑ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.

SECURE RX: FEATURES LISTED ON BACK

**EXHIBIT G**



# EXHIBIT H

MRN: 187010    DOB 28-Jul-1963

---

JATIN N. AMIN, M.D.

CARDIOLOGY
SPECIALISTS
MEDICAL GROUP

☐ 3770 Elizabeth St., Riverside, CA 92505 • (951) 352-3507
☐ 25725 Murrieta Hot Springs Rd., Bldg G, Murrieta, CA 92563 • (951) 365-0159
☐ 21071 Rider St., 9496 213, Perris, CA 92570 • (951) 363-3507
☐ 31651 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 253-3507
☐ 710 Magnolia Ave., Corona, CA 92879 • (951) 533-3507
☐ 1695 W. Ramsey Ave., Suite 104, Hemet, CA 92545 • (951) 252-3507
☐ 705 S. Main St., Fallbrook, CA 92028 • (951) 365-0159
Fax (951) 672-6062

DEA # BA3782042    LIC # G52115

NAME Mayra Iniguez    DOB 7/29/1963

ADDRESS    DATE 5/12/2020

Rx (PLEASE PRINT)    REF. OR.

DX

Please excuse from
work 4/30/2020 - 5/01/2020
due to symptoms and
appointment

☐ ETT
☐ ECHO
☐ HOLTER
☐ ABI
☐ H. CATH
☐ NUC. MED

☐ LABEL
REFILL _____ TIMES  PRN  RR    [signature] J. Amin

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.    PCS Reorder # 1422522

# EXHIBIT I

# EXHIBIT A

Name: Mayra Iniguez | DOB: 7/28/1983 | █████████ PCP: Rolando Gutierrez, MD

## Letter Details



# RANCHO FAMILY
## MEDICAL GROUP

Mayra Iniguez | █████████

March 18, 2020

Mayra Iniguez
26866 Round Up St
Winchester CA 92596

█████████
DOB: 7/28/1983

Mayra Iniguez is UNABLE to attend work for medical reasons 03/16/2020-03/27/2020
Mayra may return to work on 03/30/2020 with no limitations.

Sincerely,

Michelle Etesami FNP-C

RANCHO FAMILY MEDICAL GROUP  SUN CITY
27190 SUN CITY BLVD.
SUN CITY CA 92586
TEL: 951-674-4193
FAX: 951-228-0272
Page 1 of 1

# EXHIBIT B

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████     PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
M E D I C A L   G R O U P

March 31, 2020                                                MRN: ███████

**Mayra Iniguez**
**26866 Round Up St**
**Winchester CA 92596**

DOB: 072883

# Work Status Report

**Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/12/2020**
**Mayra may return to work on 04/13/2020 with no limitations.**

This form has been electronically signed and authorized by Michelle Etesami FNP-C 03/31/20 1:43 PM

Sincerely,

# EXHIBIT C

Name: Mayra Iniguez | DOB: 7/28/1983 |          PCP: Rolando Gutierrez, MD

# Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

April 13, 2020

**Mayra Iniguez**
**26866 Round Up St**
**Winchester CA 92596**

**DOB: 072883**

**Please see below for this health providers directives and information relating to this encounter:**

# Work Status Report

**Mayra Iniguez is UNABLE to attend work for medical reasons 03/30/2020-04/13/2020**
**Mayra may return to work on 04/14/2020 with no limitations.**

**This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/13/20 10:44AM**

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT D

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████  PCP: Rolando Gutierrez, MD

## Letter Details



RANCHO FAMILY
MEDICAL GROUP

April 14, 2020

██████████

**Mayra Iniguez**
26866 Round Up St
Winchester CA 92596

DOB: 072883

Please see below for this health providers directives and information relating to this encounter:

# Work Status Report

Mayra Iniguez is UNABLE to attend work for medical reasons 04/13/2020-04/17/2020
Mayra may return to work on 04/18/2020 with no limitations.

This form has been electronically signed and authorized by Michelle Etesami FNP-C 04/14/20 7:19AM

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT E

DO NOT FILL IF FEATURES NOT VISIBLE

NP
DEA # BA3780842                                          LIC # G82118

**CARDIOLOGY SPECIALISTS MEDICAL GROUP**

**JATIN N. AMIN, M.D.**

☐ 39755 Murrieta Hot Springs Rd., Bldg H, Murrieta, CA 92563 • (951) 368-0199
☐ 31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 352-3937
☐ 3853 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 352-3937
☐ 21091 Rider St., Suite 218, Perris, CA 92570 • (951) 352-3937
Fax (951) 672-6662

NAME Iniguez, Mayra, S. DOB 7/28/1983
ADDRESS _____ DATE 4/24/2020

Rx (PLEASE PRINT)                          REF. DR. _____

Please excuse from
work from 4/20/2020
to 4/23/2020. Stable to
return 4/24/2020 with no
limitations.

☐ ETT
☐ ECHO
☐ HOLTER
☐ ABI
☐ L CATH
☐ NUC MED

☐ LABEL
REFILL _____ TIMES   PRN  NR

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.

PDR Provider # _____

**EXHIBIT F**

04/29/2020 WED 12:58 FAX                                    ☑001/001

DO NOT FILL IF FEATURES NOT VISIBLE

DEA # BA3780942                                    LIC # G871118

**CARDIOLOGY**
**SPECIALISTS**
**MEDICAL GROUP**

### JATIN N. AMIN, M.D.

❑ 3770 Elizabeth St., Riverside, CA 92506 • (951) 352-3937
❑ 39735 Murrieta Hot Springs Rd., Bldg G, Murrieta, CA 92563 • (951) 368-0199
❑ 21091 Rider St., Suite 218, Perris, CA 92570 • (951) 352-3937
❑ 31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 352-3937
❑ 703 Magnolia Ave., Corona, CA 92879 • (951) 352-3937
❑ 3853 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 352-3937
❑ 706 S. Main St., Fallbrook, CA 92028 • (951) 368-0199
Fax (951) 672-6062

NAME Mayra Iniguez                  DOB 7/29/1982

ADDRESS _____            DATE 4/29/2020

℞ (PLEASE PRINT)                   REF. DR. _____

                                   DX: _____

Please excuse from
work from 4/20/2020
to 4/29/2020. Stable to
return 4/30/2020 w/ no
            limitations

|  |  |
|---|---|
| ETT | ☐ |
| ECHO | ☐ |
| HOLTER | ☐ |
| ABI | ☐ |
| H. CATH | ☐ |
| NUC. MED | ☐ |

❑ LABEL
REFILL ___ TIMES  PRN  NR

❑ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.                POS Factor # 162271

A SECURE RX. FEATURES LISTED ON BACK

# EXHIBIT G



NAME: Iniguez, Mayra   DOB 7/28/83

DATE: 5/4/2020

Please excuse from work from 5/4/2020 to 5/31/2020 can return 6-1-2020 with no restrictions

# EXHIBIT H

MRN: 1187010          DOB: 22-Jul-1983

CARDIOLOGY
SPECIALISTS
MEDICAL GROUP

**JATIN N. AMIN, M.D.**

□ 3770 Elizabeth St., Riverside, CA 92505 • (951) 352-3307
□ 13733 Morrie Hot Springs Rd., Bldg G, Morieta, CA 92563 • (951) 248-0199
□ 22091 Rider St., Suite 213, Perris, CA 92570 • (951) 320-3307
□ 31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 352-3307
□ 703 Magnolia Ave., Corona, CA 92878 • (951) 352-3307
□ 2003 W. Stetson Ave., Suite 104, Hemet, CA 92545 • (951) 652-3307
□ 705 S. Main St., Fallbrook, CA 92028 • (951) 352-0199
Fax (951) 672-0052

NAME: Mayra Iniguez      DOB 7/28/1983

ADDRESS:                  DATE 5/12/2020

℞ (PLEASE PRINT)          REF. DR.

DX:

Please excuse from
work 4/30/2020 - 5/01/2020
due to symptoms and
appointment

☐ LABX

REFILL ___ TIMES   PRN   ☒

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX

| | |
|---|---|
| EKT | ☒ |
| ECHO | ☐ |
| HOLTER | ☐ |
| ABI | ☐ |
| H. CATH | ☐ |
| NUC. MED | ☐ |

# EXHIBIT I

Name: Mayra Iniguez | DOB: 7/28/1983 ███████ | PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

**June 3, 2020**

██████████

**Mayra Iniguez**
**26866 Round Up St**
**Winchester CA 92596**

**DOB: 072883**

**Please see below for this health providers directives and information relating to this encounter:**

# Work Status Report

**Mayra Iniguez is UNABLE to return work May 27, 2020 through June 9, 2020.  She may return on June 10, 2020 with no restrictions.  Thank you.**

**This form has been electronically signed and authorized by Michelle Etesami, FNP-C 06/03/20 10:03 AM**

*This form contains private health information that you may choose to release to another party. Please review for accuracy.*

Name: Mayra Iniguez | DOB: 7/28/1983 ████████ | PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

████████

June 3, 2020

**Mayra Iniguez**
26866 Round Up St
Winchester CA 92596

DOB: 072883

Please see below for this health providers directives and Information relating to this encounter:

# Work Status Report

Mayra Iniguez is UNABLE to return work May 27, 2020 through June 9, 2020.  She may return on June 10, 2020 with no restrictions.  Thank you.

This form has been electronically signed and authorized by Michelle Etesami, FNP-C 06/03/20 10:03 AM

*This form contains private health Information that you may choose to release to another party. Please review for accuracy.*

# EXHIBIT J

CARDIOLOGY
DEA # _____    SPECIALTY    LIC.# 003212
MEDICAL GROUP

**JATIN N. AMIN, M.D.**
29735 Murrieta Hot Springs Rd., Ste. G, Murrieta, CA 92563 • (951) 304-0199
31501 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 352-3697
1233 W. Sixteen Ave., Suite 104, Hemet, CA 92543 • (951) 352-3697
21091 Elder St., Suite 218, Perris, CA 92570 • (951) 352-3697
Fax (951) 672-0003

NAME **Mayra Iniguez**    DOB **7/21/1983**
ADDRESS _____    DATE **6/10/2020**

℞ (PLEASE PRINT)    QTY. OR. _____

DX _____

Pt to be excused
from work 6/10-6/17
due to testing.

| | | |
|---|---|---|
| CTY | ☐ |
| ECHO | ☐ |
| HOLTER | ☐ |
| ABI | ☐ |
| H. CATH | ☐ |
| NUC. MED | ☐ |

☐ LABS

REFILL _____ TIMES    PRN    ☐    _____

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX.

_J.T.Amin_

# EXHIBIT K

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████    PCP: Rolando Gutierrez, MD

## Letter Details


**RANCHO FAMILY**
MEDICAL GROUP

Mayra Iniguez | ███████

June 16, 2020

To whom it may concern,

Mayra Iniguez is a patient with Rancho Family Medical Group and has been under my care. Due to medical reasons, she is to be excused from work 06/16/2020 - 06/25/2020. She may return to work 06/26/2020 without restrictions.

If you have any questions, please do not hesitate to contact the office, thank you.

Sincerely,

Timothy Elfelt, MD

RANCHO FAMILY MEDICAL GROUP: TEMECULA- SINGLE OAK

# EXHIBIT L

Patient Name: Myra Iniguez
Date of Visit: 06-Jun-2020
Discharging Provider:
Site Name: Cardiology Specialists Medical Group-Murrieta

MRN:1187010                 DOB:28-Jul-1983
Owner: AHS/Amin AHS

JAYEN N. AMIN, M.D.

CARDIOLOGY
SPECIALISTS
MEDICAL GROUP

DEA # 3AXF303341                              LIC # 082133

39755 Murrieta Hot Springs Rd., Bldg. G, Murrieta, CA 92563 • (951) 304-0199
31581 Canyon Estate Dr., Lake Elsinore, CA 92532 • (951) 353-3937
3859 W. Ramon Ave., Suite 104, Hemet, CA 92545 • (951) 352-3937
31091 Rider St., Suite 210, Perris, CA 92570 • (951) 352-3937
Fax (951) 672-0022

NAME __Iniguez, Mayra__   DOB 7/28/1983
ADDRESS _____   DATE 6/26/2020

Rx (PLEASE PRINT)                    REF. DR. _____

Pt to be excused
from work from
6/26 - 6/30/2020

DX: _____

EXT         ☐
ECHO        ☐
HOLTER      ☐
ABI         ☐
H. CATH     ☐
NUC. MED    ☐

☐ LABEL
REFILL _____ TIMES   PRN   NR     JA [signature]

☐ DO NOT SUBSTITUTE
TO ENSURE BRAND NAME DISPENSING
CHECK AND INITIAL BOX

page 2 of 2

# EXHIBIT M

## Hadia Ashraf MD
Hadia Ashraf MD
903 East Devonshire Ave Ste F * Hemet, CA  92543-3097
Phone: (951)929-1611 * Fax: (877)714-5451

07/02/2020

To Whom It May Concern:

Mayra Iniguez is currently under my medical care and may not return to work at this time.

Please excuse Mayra for 2 week(s).

She may return to work on 07/16/2020.

Activity is restricted as follows: none.

If you require additional information please contact our office.

Sincerely,

Provider:
Ashraf, Hadia  07/02/2020 4:52 PM

HADIA ASHRAF
903 Devonshire Ave Ste
F
Hemet CA 92543
951-929-1611

Document generated by:  Rachel Wardwell  07/02/2020

Iniguez, Mayra    000000007953 07/26/1983 07/02/2020 02:15 PM Page: 1/1

07/02/2020 THU 19:58  FAX                                                     001/001

# EXHIBIT N

07/23/2020 THU 10:35 FAX                                                    ☒001/001

# Hadia Ashraf MD

Hadia  Ashraf MD
903 East Devonshire Ave Ste F * Hemet, CA 92543-3097
Phone: (951)929-1611 * Fax: (877)714-5451

07/21/2020

To Whom It May Concern:

Mayra Iniguez is currently under my medical care and may not return to work at this time.

Please excuse Mayra from 7/16/2020 to 7/26/2020.

She may return to work on 07/27/2020.

Activity is restricted as follows: none.

If you require additional information please contact our office.

Sincerely,

Provider:
Ashraf, Hadia 07/21/2020 4:47 PM

Document generated by:  Joanna Rivera  07/21/2020

Iniguez, Mayra    000000007953 07/28/1983 07/21/2020 08:57 AM Page: 1/1

# EXHIBIT O

Name: Mayra Iniguez | DOB: 7/28/1983 | ███████ PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

Mayra Iniguez | ████████

July 23, 2020

To whom it may concern,

Mayra Iniguez is a patient with Rancho Family Medical Group and has been under my care. Due to medical reasons, she is to be excused from work 07/20/2020 - 07/31/2020.

If you have any questions, please do not hesitate to contact the office, thank you.

Sincerely,

Timothy Elfelt, MD

RANCHO FAMILY MEDICAL GROUP: TEMECULA- SINGLE OAK.
28780 SINGLE OAK DRIVE, SUITE 160
TEMECULA CA 92590

# EXHIBIT P



---------- Forwarded message ----------
From: Steven Pho <spho@wayfair.com>
Date: Tue, Aug 25, 2020, 1:26 AM
Subject: Re: Employment Status - Mayra Iniguez
To: Mayra S. Iniguez <msa7iniguez@gmail.com>
Cc: Alex Halland <ahalland@wayfair.com>, Laura Flores <laflores@wayfair.com>

Hello Mayra,

Thank you for sending this over.

To answer your question asked on 8/18, leave is a form of accommodation.

The doctors can supplement your ADA accommodation request, but we requested that you complete the employee and medical request for accommodation with your care provider

When running your accommodation request (extended leave) you have exhausted your ADA leave hours.

As stated previously, ADA request does not guarantee approval of an accommodation. Requests
are reviewed based on an individual's personal circumstance.

ADA leave can be approved for up to 3 month period time frames, unless otherwise stated

Please let me know if you have any questions.


Best regards,


Steven


On Fri, Aug 21, 2020 at 10:47 AM Mayra S. Iniguez <msa7iniguez@gmail.com> wrote:
Good morning Steven,

Please see attached. I will be providing documentation for the rest of the months to come.  As I mentioned earlier, my surgery is scheduled 9/28/2020.

Thank you

Mayra

On Tue, Aug 18, 2020, 4:29 PM Mayra S. Iniguez <msa7iniguez@gmail.com> wrote:
Hi Steven,

I gave the documents to the doctor.  He mentioned that there is no accommodation because I would not be attending work until after recover from surgery.  He has the documents and as Tuesday.  That is the reason why I did not have any information on Friday.

Kindly,

Mayra

On Mon, Aug 17, 2020, 11:29 PM Steven Pho <spho@wayfair.com> wrote:
Hello Mayra,

Do you have an update for us? Please note that documentation is required.
In order for THI to review your leave under ADA.

Best Regards,

Best,

Steven

On Thu, Aug 6, 2020 at 7:26 PM Steven Pho <spho@wayfair.com> wrote:
Hi Mayra,



I attempted to call you today, 8/6/2020 and left a message in regards to requesting documentation to continue to review your leave under ADA.


*The American with

Disabilities Act"

# EXHIBIT Q



**Heart and Vascular Wellness Center**

*Love Your Heart*

40700 California Oaks Rd., #208
Murrieta, CA  92562
Phone: (951) 696-0004   Fax: (951) 696-0007

08/21/2020

To Whom It May Concern:

Please excuse Iniguez, Mayra, 07/28/1983 from work / school from  8/3/2020 to 8/24/2020. If you have any questions please feel free to give our office a call.

Thank you,

Ganiyu Oshodi  MD

# EXHIBIT R

Name: Mayra Iniguez | DOB: 7/28/1983 | M███████ PCP: Rolando Gutierrez, MD

## Letter Details



**RANCHO FAMILY**
MEDICAL GROUP

Mayra Iniguez ████████

August 26, 2020

To whom it may concern,

Mayra Iniguez is a patient with Rancho Family Medical Group and has been under my care. Due to medical reasons, she is to be excused from work 08/20/2020 - 09/09/2020.

If you have any questions, please do not hesitate to contact the office, thank you.

Sincerely,

Timothy Elfelt, MD

RANCHO FAMILY MEDICAL GROUP: TEMECULA- SINGLE OAK
28780 SINGLE OAK DRIVE, SUITE 160
TEMECULA CA 92590
TEL: 951-676-4193
FAX: 951-719-1661
951-252-8650
Page 1 of 1

# EXHIBIT S



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 24, 2021

Andrew Malatesta
16501 Ventura Blvd., Suite 400
Encino, California 91436

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202102-12703724
       Right to Sue: Iniguez / Wayfair LLC

Dear Andrew Malatesta:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 24, 2021

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202102-12703724
       Right to Sue: Iniguez / Wayfair LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                  GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 24, 2021

Mayra Iniguez
26866 Round Up St.
Winchester, California 92596

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202102-12703724
        Right to Sue: Iniguez / Wayfair LLC

Dear Mayra Iniguez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 24, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

<div align="center">

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

</div>

**In the Matter of the Complaint of**
Mayra Iniguez                                           DFEH No. 202102-12703724

<div align="center">Complainant,</div>

vs.

Wayfair LLC
4 Copley Place, Floor 7
Boston, Massachusetts 02116

<div align="center">Respondents</div>

---

**1. Respondent Wayfair LLC is an employer Wayfair LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2. Complainant Mayra Iniguez**, resides in the City of **Winchester**, State of **California.**

**3. Complainant alleges that on or about August 24, 2020,** respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** Mrs. Iniguez began working for Wayfair on or about September 30, 2019 as a third shift warehouse lead at the company's warehouse located at 3300 Indian Ave., Perris, CA 92571.
On or about February 2020, Mrs. Iniguez moved to the warehouse's first shift.
On or about March 18, 2020, Mrs. Iniguez became ill with a high fever and severe cough. Mrs. Iniguez informed her supervisor, as well as the human resources department, about her illness and that, in addition, she was going to get tested for Covid-19.
Mrs. Iniguez saw her doctor but unfortunately, due to a shortage of Covid-19 tests in the area, Mrs. Iniguez was unable to get tested. As a result, to limit the potential spread of

<div align="center">-1-</div>

<div align="center">*Complaint – DFEH No. 202102-12703724*</div>

Date Filed: February 24, 2021

1   Covid-19, pursuant to her doctor's orders, Mrs. Iniguez was instructed to quarantine for 14 days.

2   Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 16, 2010 until March 29, 2020."

3   While quarantining, Mrs. Iniguez continued to feel ill and additionally experienced heart pain and shortness of breath. Because of her condition, Mrs. Iniguez sought additional medical care.

4   
5   In the ensuing weeks, Mrs. Iniguez had ongoing communication with Steven Pho, a senior associate in Wayfair's talent management division, about her inability to work as a result of her physical condition.

6   Throughout her time off of work, Mrs. Iniguez provided all of her doctor's notes placing her off of work to Mr. Pho.

7   On March 31, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 30, 3030 to April 12, 2020.

8   On April 13, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from March 30, 2020 to April 13, 2020.

9   On April 14, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 13, 2020 to April 17, 2020.

10  On April 24, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 20, 2020 to April 23, 2020.

11  On April 27, 2020, in an e-mail to Mr. Pho, Mrs. Iniguez specifically informed Mr. Pho that her "primary doctor has recommended [her] to see a specialist."

12  
13  On April 29, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 20 to April 29, 2019.

14  On May 4, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from May 4, 2020 to May 31, 2020.

15  On May 12, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from April 30, 2020 to May 1, 2020.

16  On June 3, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from May 27, 2020 to June 9, 2020.

17  On June 10, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from June 10, 2020 to June 17, 2020.

18  On June 16, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from June 16, 2020 to June 25, 2020.

19  On June 25, 2020, Mrs. Iniguez informed Mr. Pho that she was going to have a biopsy and undergo additional testing.

20  On June 26, 2020, Mr. Iniguez's doctor placed Mrs. Iniguez off of work from June 26, 2020 to June 30, 2020.

21  On July 2, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from July 2, 2020 to July 16, 2020.

22  On July 21, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from July 16, 2020 to July 26, 2020.

23  On July 23, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from July 20, 2020 to July 31, 2020.

24  
25  On August 5, 2020, Mrs. Iniguez called Mr. Pho and left him a message regarding her condition and inability to work. In addition, Mrs. Iniguez sent Mr. Pho an e-mail in which she informed him that she would be undergoing surgery.

26  

27  -2-
    *Complaint – DFEH No. 202102-12703724*

28  Date Filed: February 24, 2021

1  On August 18, 2020, after Mr. Pho inquired about Mrs. Iniguez providing additional
   information about her leave, Mrs. Iniguez sent Mr. Pho an e-mail stating: "I gave the
2  documents to the doctor. He mentioned that there is no accommodation because I would
   not be attending work until after recover from surgery. He has the documents…"
3  On August 20, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from August 20,
   2020 to September 9, 2020.
4  On August 21, 2020, Mrs. Iniguez informed Mr. Pho in an e-mail that her surgery was
   scheduled for September 28, 2020.
5  On August 21, 2020, Mrs. Iniguez's doctor placed Mrs. Iniguez off of work from August 3,
   2020 to August 24, 2020.
6  On August 24, 2020, Mr. Pho, despite having been told by Mrs. Iniguez that she would have
   her surgery on September 28, 2020 and that she would be returning to work shortly
7  thereafter, terminated Ms. Iniguez's employment.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-
                           *Complaint – DFEH No. 202102-12703724*

28  Date Filed: February 24, 2021

VERIFICATION

I, **Andrew Malatesta,** am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On February 24, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                            **Encino, CA**

-4-
*Complaint -- DFEH No. 202102-12703724*

Date Filed: February 24, 2021

REC'D MAR 15 2021

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>MALATESTA LAW<br>Andrew J. Malatesta (SBN 286344)<br>16501 Ventura Blvd., Suite 400<br>Encino, CA 91436<br>TELEPHONE NO.: 424-284-1384    FAX NO.:<br>ATTORNEY FOR *(Name):* Mayra Iniguez | **FOR COURT USE ONLY**<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>MAR 15 2021<br><br>L. SIRACUSA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Mayra Iniguez v. Wayfair, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CVRI 2101374 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 15, 2021

Andrew J. Malatesta
(TYPE OR PRINT NAME)

*Andrew Malatesta*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2101374

**Case Name:**   INIGUEZ vs WAYFAIR, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 03/22/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:

I. Siracusa, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Mayra Iniguez _____

vs.

Wayfair, LLC _____

CASE NO.: _____

### CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

■ General                 ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other  Employment | P was employed at a location in this district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Wayfair, LLC | 3300 Indian Ave. |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Perris | CA | 92571 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 15, 2021 _____ at Encino _____, California

*Andrew Malatesta*
Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Malatesta Law<br>Andrew J. Malatesta (SBN 286344)<br>16501 Ventura Blvd., Suite 400<br>Encino, CA 91436<br><br>TELEPHONE NO: 424-284-1384    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: AJM@Malatesta-Law.com<br>ATTORNEY FOR *(Name)*: Plaintiff Mayra Iniguez | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>MAR 15 2021<br><br>L. SIRACUSA |
|---|---|

PLAINTIFF/PETITIONER: Mayra Iniguez

DEFENDANT/RESPONDENT: Wayfair, LLC and DOES 1-25

CASE NUMBER:
**CVRI 2101374**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: _____92571_____    ~~FAXED~~

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    March 15, 2021

Andrew J. Malatesta                          *Andrew Malatesta*
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)        ▶        (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/local/rms/localrms.shtml

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/22/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:

I. Siracusa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2101374

**Case Name:**   INIGUEZ vs WAYFAIR, LLC

WAYFAIR, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/20/2021 | 8:30 AM | Department 4 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/22/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

I. Siracusa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2101374

**Case Name:**   INIGUEZ vs WAYFAIR, LLC

MAYRA INIGUEZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/20/2021 | 8:30 AM | Department 4 |
| Location of Hearing:   **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/22/2021                                W. SAMUEL HAMRICK JR.,
                                                 Court Executive Officer/Clerk of Court


                                          by: _____
                                               I. Siracusa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2101374

**Case Name:**    INIGUEZ vs WAYFAIR, LLC

Andrew J Malatesta
16501 VENTURA BLVD SUITE 400
ENCINO, CA 91436

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/20/2021 | 8:30 AM | Department 4 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

# **<u>EXHIBIT 2</u>**

Print this Verdict

# Tenants fight back when landlord closes courtyard used by children. $370K incl. punitives. San Francisco County.

## Summary

Residents of an upscale San Francisco apartment complex are outraged when landlord fences off courtyard area formerly used by tenants, especially those with young children.

## The Case

**Case Name:** Bayer, et al. v. Morse, et al.

**Court and Case Number:** San Francisco Superior Court / CGC-13-534482

**Date of Verdict or Judgment:** Wednesday, August 26, 2015

**Date Action was Filed:** Tuesday, September 25, 2012

**Type of Action:** Landlord-Tenant Issues (/jury-verdicts/category/landlord-tenant-issues/), Unruh Act Violations (/jury-verdicts/category/unruh-act-violations/)

**Judge or Arbitrator(s):** Hon. Richard Ulmer

**Plaintiffs:**

Alan B. Bayer, 44, attorney

Heather E. Borlase, 43, attorney

Phyllis M. Grosz, 72, retired

**Defendants:**

Frederick A. Morse

Morse Family Trust

Dennis Doyle

**Type of Result:** Jury Verdict

## The Result

**Gross Verdict or Award:** $370,000

**Award as to each Defendant:**

Joint and several, except as to punitive damages: Fred Morse to pay $5,000 each to Alan Bayer and Heather Borlase; Dennis Doyle to pay $5,000 each to Alan Bayer and Heather Borlase.

**Economic Damages:**

None.

**Non-Economic Damages:**

$50,000 to each Alan Bayer and Heather Borlase. The Court issued treble damages to each Alan Bayer and Heather Borlase under the San Francisco Rent Ordinance, Section 37.10B. $25,000 to Phyllis Grosz. The jury awarded Grosz an enhancement of $25,000 under the Unruh Act.

**Punitive Damages:**

Total of $20,000 as identified above.

**Trial or Arbitration Time:** 10 days.

**Jury Deliberation Time:** 3 days.

**Jury Polls:** 9-3 on FEHA discrimination for Bayer and Borlase, 9-3 on Unruh Act discrimination as to Grosz. 12-0 FEHA retaliation as to Bayer and Borlase; 12-0 tenant harassment as to Bayer and Borlase; 12-0 malice, oppression or fraud.

**Post Trial Motions & Post-Verdict Settlements:** Equitable relief, costs of suit including attorneys fees resulted in total judgment of $742,615.28.

## The Attorneys

**Attorney for the Plaintiff:**

James B. Kraus, San Francisco.

**Attorney for the Defendant:**

Bledsoe, Diestel, Treppa & Crane LLP by James Treppa, San Francisco
Saul Ferster, San Francisco.

# The Experts

**Plaintiff's Technical Expert(s):**

Mark Sanchez, EPA lead containment guidelines, Oakland.

# Facts and Background

**Facts and Background:**

Defendant landlord owned a 40-unit residential property named Casa Madrona on Frederick Street in San Francisco.  Defendant landlord instituted a policy banning use of a communal space, including a garden courtyard, by all tenants because it was being used by tenant families with small children. The landlord also told tenants, orally and in writing, that there were no play areas on the property and reconfigured the communal space so that it was no longer usable for social purposes. The property manager, Dennis Doyle, instructed the resident manager to call the families with children  and tell them that the privilege to use the garden courtyard was being revoked because management found chalk drawings on an interior sidewalk. Management also informed the tenants not to allow their children to play in any common area of the 40-unit property.

After several tenants sought rent reductions from the San Francisco Rent Board for the loss of services, Doyle and Morse then demolished the communal seating area and installed a wrought iron fence around the interior of the garden to physically prevent any further social use.

**Plaintiff's Contentions:**

That in September of 2012, the building landlord created a policy prohibiting social use of the common area, known as the Garden or the Courtyard. The no-use policy was put in place to prohibit the use of the garden by the families that lived in the building.  (In 2012, there were seven children aged 5 and under in the building.)

Plaintiffs contended that after tenants complained about the policy, the landlord demolished the seating area in the Garden and installed a wrought iron fence to physically prohibit the use. That these procedural and physical changes constituted tenant harassment.

**Defendant's Contentions:**

That the property changes were made due to noise complaints and safety concerns, and did not relate to the children tenants.

# Injuries and Other Damages

**Physical Injuries claimed by Plaintiff:**

None.

# Additional Notes

The reason plaintiffs called a lead EPA expert: Plaintiffs were able to establish that the contractor (an original party to the action) failed to follow the EPA protocols, which are designed to protect children. This was used to establish that safety was not a true concern of the defendants, and also is a per se violation of the SF Rental Ordinance, Tenant Harassment provision, Section 37.10B.  It was also argued as a form of retaliation and harassment, as the building landlord threatened two plaintiffs over painting their apartment and used the EPA protocols as a reason why.

During trial, defense produced only one noise complaint - dated 2005, from a tenant who passed away in 2011. No safety concerns were substantiated.

Settlement discussions were confidential, except to the extent that plaintiffs sought return of the garden to its previous configuration and lifting of the policy.  All monetary demands were made in mediation on the eve of trial. There were no 998's. The Court denied the requested relief of garden being returned.

Before and After photos are shown of the apartment building courtyard





Tweet     Like 1

Print this Verdict

## Disclaimer

This is not an official court document. While the publisher believes the information to be accurate, the publisher does not guarantee it and the reader is advised not to rely upon it without consulting the official court documents or the attorneys of record in this matter who are listed above.

© Copyright 2021 by Neubauer & Associates, Inc. All rights reserved. www.juryverdictalert.com

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States, over 18 years of age and am not a party to the within action. My business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place. My electronic service address is: bsamuels@sandersroberts.com.

On May 20, 2021 I served the foregoing document(s) described as:

**DECLARATION OF MELVIN L. FELTON IN SUPPORT OF DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL**

on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as stated in the attached service list:



⊔ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business.

⊔ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581**. No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

⊠ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

⊔ **VIA ELECTRONIC SERVICE** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

⊔ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery to the recipients shown on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 20, 2021, at Los Angeles, California.

_____/s/ Brittney Samuels_
Brittney Samuels

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST
*Iniguez v. Wayfair, LLC*
RSC – Case No.: CVRI2101374

Andrew J. Malatesta, Esq.
MALATESTA LAW
16501 Ventura Blvd., Suite 400
Encino, CA 91436
Tel.: (424) 284-1384
Fax: (424) 284-8170
AJM@Malatesta-Law.com

**Attorneys for Plaintiffs**
Mayra Iniguez

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017