1  MELVIN L. FELTON (SBN 276047)
   mfelton@sandersroberts.com
2  RICARDO REYES (SBN 329957)
   rreyes@sandersroberts.com
3  **SANDERS ROBERTS LLP**
   1055 W. 7th Street, Suite 3200
4  Los Angeles, CA 90017
   Telephone:  213-426-5000
5  Facsimile:   213-234-4581

6  Attorneys for Defendant
   WAYFAIR, LLC
7

8              UNITES STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 MAYRA INIGUEZ, an individual,  ) Case No.: 5:21-cv-00880 MWF (SPx)
                                  )
12         Plaintiff,              ) **DEFENDANT WAYFAIR, LLC'S**
                                  ) **ANSWER TO PLAINTIFF MAYRA**
13                                 ) **INGUEZ' COMPLAINT**
       vs.                         )
14                                 )
   WAYFAIR, LLC, a Corporation and ) Trial Date: None
15 DOES 1-25, inclusive,           ) State Court Complaint Filed: March 15,
                                  ) 2021
16                                 )
                                  )
17         Defendants.             )
                                  )
18                                 )
                                  )
19 _____)

20

21

22

23

24

25

26

27

28

- 1 -                             Case No. 5:21-cv-00880 MWF (SPx)
DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF MAYRA INGUEZ' COMPLAINT

Defendant WAYFAIR, LLC ("Defendant") hereby submits its Answer the Plaintiff MAYRA INIGUEZ's ("Plaintiff") Complaint as follows:

## ANSWER TO COMPLAINT

## THE PARTIES

1. Answering Paragraph 1, Defendant admits in part and denies in part. Defendant admits that Plaintiff was an individual employed by Defendant and that Plaintiff performed work for Defendant in the County of Riverside, State of California. Defendant denies specifically and generally that any unlawful conduct alleged occurred.

2. Answering Paragraph 2, Defendant admits in part and denies in part. Defendant admits that it was a business entity registered with the California Secretary of State. However, Defendant is a limited liability company formed in the State of Delaware, whose sole member is incorporated and has its principal place of business in Massachusetts.

3. The allegations of Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations of Paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations of Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## VENUE

6. The allegations of Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendants denies that any unlawful practices giving rise to the claims in the Complaint occurred.

# FACTUAL ALLEGATIONS

7. In response to Paragraph 7, Defendant admits the allegations therein.

8. In response to Paragraph 8, Defendant admits the allegations therein.

9. In response to Paragraph 9, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

10. In response to Paragraph 10, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

11. In response to Paragraph 11, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

12. In response to Paragraph 12, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

13. In response to Paragraph 13, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

14. In response to Paragraph 14, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

15. In response to Paragraph 15, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

16. In response to Paragraph 16, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

//



17. In response to Paragraph 17, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

18. In response to Paragraph 18, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

19. In response to Paragraph 19, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

20. In response to Paragraph 20, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

21. In response to Paragraph 21, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

22. In response to Paragraph 22, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

23. In response to Paragraph 23, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

24. In response to Paragraph 24, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

25. In response to Paragraph 25, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

//

26. In response to Paragraph 26, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

27. In response to Paragraph 27, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

28. In response to Paragraph 28, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

29. In response to Paragraph 29, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

30. In response to Paragraph 30, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

31. In response to Paragraph 31, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

32. In response to Paragraph 32, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

33. In response to Paragraph 33, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

34. In response to Paragraph 34, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

//

35. In response to Paragraph 35, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

36. In response to Paragraph 36, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. The allegations of Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FIRST CAUSE OF ACTION

38. Paragraph 38 incorporates by reference and re-alleges prior allegations. Defendant incorporates and re-asserts all admissions, denials, and denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted in all preceding paragraphs, as though fully set forth in this paragraph.

39. The allegations of Paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations of Paragraph 40 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations of Paragraph 41 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

42. In response to Paragraph 42, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally,

Defendant denies specifically and generally that any unlawful conduct alleged occurred.

43. The allegations of Paragraph 43 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

44. The allegations of Paragraph 44 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

45. The allegations of Paragraph 45 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

46. The allegations of Paragraph 46 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. In response to Paragraph 47, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

## SECOND CAUSE OF ACTION

48. Paragraph 48 incorporates by reference and re-alleges prior allegations. Defendant incorporates and re-asserts all admissions, denials, and denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted in all preceding paragraphs, as though fully set forth in this paragraph.

//

49. The allegations of Paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations of Paragraph 50 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

51. The allegations of Paragraph 51 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

52. In response to Paragraph 52, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

53. The allegations of Paragraph 53 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

54. The allegations of Paragraph 54 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

55. The allegations of Paragraph 55 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

//

56. The allegations of Paragraph 56 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57. In response to Paragraph 57, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

## THIRD CAUSE OF ACTION

58. Paragraph 58 incorporates by reference and re-alleges prior allegations. Defendant incorporates and re-asserts all admissions, denials, and denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted in all preceding paragraphs, as though fully set forth in this paragraph.

59. The allegations of Paragraph 59 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. The allegations of Paragraph 60 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61. The allegations of Paragraph 61 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

62. The allegations of Paragraph 62 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

63. The allegations of Paragraph 63 of the Complaint state legal conclusions to which no response is required. To the extent a response is required,

the allegations are denied.  Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

64.     The allegations of Paragraph 64 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

65.     In response to Paragraph 65, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

66.     The allegations of Paragraph 66 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

67.     The allegations of Paragraph 67 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

68.     The allegations of Paragraph 68 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

69.     The allegations of Paragraph 69 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

70.     In response to Paragraph 70 Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally,

Defendant denies specifically and generally that any unlawful conduct alleged occurred.

## FOURTH CAUSE OF ACTION

71. Paragraph 71 incorporates by reference and re-alleges prior allegations. Defendant incorporates and re-asserts all admissions, denials, and denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted in all preceding paragraphs, as though fully set forth in this paragraph.

72. The allegations of Paragraph 72 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73. The allegations of Paragraph 73 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74. The allegations of Paragraph 74 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations of Paragraph 75 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. In response to Paragraph 76, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

77. The allegations of Paragraph 77 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. In response to Paragraph 78, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally,

Defendant denies specifically and generally that any unlawful conduct alleged occurred.

79. The allegations of Paragraph 79 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

80. The allegations of Paragraph 80 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

81. The allegations of Paragraph 81 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

82. The allegations of Paragraph 82 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

83. In response to Paragraph 83 Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

## FIFTH CAUSE OF ACTION

84. Paragraph 84 incorporates by reference and re-alleges prior allegations. Defendant incorporates and re-asserts all admissions, denials, and denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted in all preceding paragraphs, as though fully set forth in this paragraph.

85. The allegations of Paragraph 85 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

86. The allegations of Paragraph 86 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

87. The allegations of Paragraph 87 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

88. In response to Paragraph 88, Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

89. The allegations of Paragraph 89 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

90. The allegations of Paragraph 90 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

91. The allegations of Paragraph 91 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

92. In response to Paragraph 92 Defendant denies that Plaintiff has been damaged by any purported wrongful conduct by Defendant. Additionally, Defendant denies specifically and generally that any unlawful conduct alleged occurred.

## PRAYER

93. Defendant denies specifically and generally that any unlawful conduct alleged occurred. Therefore, Defendant denies each and every claim for relief in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

94. Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant, and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

95. Defendant alleges that Plaintiff is not entitled to the relief requested in the Complaint because the Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, Code of Civil Procedure §§ 338, 339, 340(a), and 343; Government Code §§ 12940, 12960(d), and 12965(b).

## THIRD AFFIRMATIVE DEFENSE

(Business Judgment)

96. Plaintiff is barred from recovery because Defendant had legitimate reasons for the challenged actions, reasons that lack a discriminatory animus.

## FOURTH AFFIRMATIVE DEFENSE

(California Workers' Compensation Act Exclusive Remedy)

97. To the extent that the Complaint alleges emotional and/or physical injury, any recovery is barred on the grounds that the California Workers' Compensation Act, Cal. Lab. Code § 3200, *et seq.*, provides the exclusive remedy for such injuries and violation.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

98. Any recovery on Plaintiff's Complaint is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Laches)

99. Any recovery on Plaintiff's Complaint is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

100. Any recovery on Plaintiff's Complaint is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
(Same Decision Defense–California Fair Employment and Housing Act)

101. Defendant alleges that Plaintiff's claims are barred to the extent that Defendant would have made the same employment decision(s) regardless of any alleged unlawful motivation for such decisions.

### NINTH AFFIRMATIVE DEFENSE
(After-Acquired Evidence)

102. Plaintiff is barred from or limited in her recovery in this action under the doctrine of after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE
(Mitigation)

//

103. Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust)

104. The Complaint is barred, in whole or in part, by Plaintiff's failure to comply with or exhaust prerequisite administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE
(Avoidable Consequences)

105. Defendant is not liable for any alleged discrimination or harassment toward Plaintiff because Defendant exercised reasonable care to prevent and promptly correct any alleged discrimination, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm, which would have prevented the alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
(At-Will Employment)

106. Defendant alleges that Plaintiff is not entitled to the relief requested in the Complaint because Plaintiff's employment, if any, was at-will.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

107. The Complaint is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Waiver)

108. Plaintiff is barred from or limited in her recovery in this action on the ground that Plaintiff has expressly and/or impliedly waived the right to assert the causes of action in the Complaint by virtue of her verbal and/or written expressions or conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Superseding Cause-Negligent Acts)

109. Defendant is not liable for Plaintiff's harm because of the superseding conduct of third parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Superseding Cause-Intentional Torts)

110. Defendant is not liable for Plaintiff's harm because of the superseding criminal and/or intentional conduct of third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Privileged Conduct)

111. Defendant is not liable for Plaintiff's harm because Defendant's conduct was permissible.

## NINETEENTH AFFIRMATIVE DEFENSE

(Set-Off/Offset)

112. Defendant alleges it has suffered damage by reason of Plaintiff's conduct and has the right of offset to the extent any amount of money is owed to Plaintiff or due to Plaintiff by way of damage, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

(Good-Faith)

113. Defendant and/or its officials, employees and/or agents acted in good faith and without malice, and neither directly nor indirectly performed any acts which would constitute a violation of any laws or regulations or a violation of any right, contractual or otherwise, or any duty owed to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Undue Hardship)

114. Plaintiff is barred from recovery because her proposed accommodations would create an undue hardship to the operation of Defendant's business.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Health or Safety Risk)

115. Plaintiff is barred from recovery because, even with reasonable accommodations, Plaintiff was unable to perform her essential job duties without endangering her health or safety and/or the health or safety of others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Reservation of Rights)

116. Defendant avers that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That the Complaint be dismissed with prejudice as to answering Defendant;
3. For costs of suit, including attorney's fees, incurred herein; and,
4. For such other and further relief as the Court may deem just and proper.

Dated: May 27, 2021          **SANDERS ROBERTS LLP**

By: /s/ Melvin L. Felton
Melvin L. Felton, Esq.
Ricardo Reyes, Esq.
Attorneys for Defendant
**WAYFAIR, LLC**

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

I am a citizen of the United States, over 18 years of age and am not a party to the within action. My business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place. My electronic service address is: bsamuels@sandersroberts.com.

On May 27, 2021 I served the foregoing document(s) described as:

**DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF MAYRA INGUEZ' COMPLAINT**

on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as stated in the attached service list:

☐ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business.

☐ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☒ **VIA ELECTRONIC SERVICE** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown  I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

☐ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery to the recipients shown on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 27, 2021, at Los Angeles, California.

            */s/ Brittney Samuels*
             Brittney Samuels

**SERVICE LIST**
*Iniguez v. Wayfair, LLC*
Case No.: 5:21-cv-00880 MWF (SPx)

| | |
|---|---|
| Andrew J. Malatesta, Esq.<br>MALATESTA LAW<br>16501 Ventura Blvd., Suite 400<br>Encino, CA 91436<br>Tel.: (424) 284-1384<br>Fax: (424) 284-8170<br>AJM@Malatesta-Law.com | **Attorneys for Plaintiffs**<br>Mayra Iniguez |