Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Cindy Kaoud (SBN 322640)
ckaoud@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for DEFENDANT
**WAYFAIR, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAYRA INIGUEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WAYFAIR, LLC, a Corporation and DOES 1-25, inclusive<br><br>　　　　Defendant. | **CASE NO.  5:21-cv-00880 MWF (SPx)**<br><br>**DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Separate Statement; Compendium of Evidence; Declarations of Melvin L. Felton, Steven Ni, and Harry Vaughn; [Proposed] Order and [Proposed] Judgment]<br><br>Complaint Filed:　March 15, 2021<br>Trial Date:　　　October 4, 2022 |

- 1 -　　　　　　　　Case No.: 5:21-cv-00880 MWF (SPx)

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 9

I.    INTRODUCTION ................................................................................................. 9

II.   STATEMENT OF FACTS ................................................................................. 11

    A.    Wayfair Relied Heavily on Warehouse Leads To Manage The Inventory Control Department, Ensure Smooth Operation Flow, and Meet Department Goals ................................................................. 11

    B.    Plaintiff Quickly Exceeded The Permissible Amount of Attendance Points (6.0 Points) Within Only a Few Months of Her Employment and Before Ever Requesting Leave as an Accommodation ................................................................................... 12

    C.    Plaintiff Did Not Qualify for Protected Leave and Her Prolonged Leave of Absence Was Irregular, Unreliable and Indefinite ............. 14

    D.    Plaintiff's Prolonged, Irregular, Seemingly Indefinite Leave Caused an Undue Hardship on Wayfair ................................................. 17

III.  THE SUMMARY JUDGMENT STANDARD ............................................. 18

IV.   ARGUMENT ....................................................................................................... 19

    A.    Plaintiff Cannot Establish A Claim For Disability Discrimination In Violation Of The FEHA ................................................................. 19

        1.    Plaintiff Cannot Establish That She Was Qualified and Capable of Performing the Essential Functions of Her Position With or Without Reasonable Accommodation .......... 20

        2.    Claimant Cannot Establish She Was Subjected to an Adverse Employment Action Because of a Disability ............. 23

        3.    Wayfair Offers Legitimate, Nondiscriminatory Reasons For Its Actions and Plaintiff Cannot Meet Her Burden of Proving Intentional Discrimination ........................................... 24

    B.    The Third Claim Should be Dismissed Because it Fails to State a Claim for Failure to Accommodate in Violation of the FEHA ......... 27

        1.    Plaintiff Cannot Establish That She was Qualified and Capable of Performing the Essential Functions of Her Position With or Without Reasonable Accommodation .......... 28

        2.    Wayfair Granted All of Plaintiff's Requests for Reasonable Accommodation ................................................................................. 28

    C.    The Fourth Claim Should be Dismissed Because it Fails to State a

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1

## TABLE OF CONTENTS
### (CONTINUED)

2
3

**Page**

4
        Claim for Failure to Engage in the Interactive Process in Violation
        of the FEHA. ......................................................................................... 30

5
    D.    Plaintiff's Second and Fifth Claims Are Derivative of Her FEHA
          Discrimination Claim And Must Also Be Dismissed ......................... 32

6
V.    CONCLUSION .............................................................................................. 33

7
PROOF OF SERVICE ............................................................................................. 1

8
SERVICE LIST ........................................................................................................ 1

9
10
11
12
13



1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

**TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1995)........................ 19

*Arteaga v. Brink's, Inc.*,
163 Cal.App.4th 327, 344 (2008)................................................................... 19

*Barnett v. U.S. Air, Inc.*, 228 F.3d 1105,
1115 (9th Cir. 2000) ................................................................................. 30, 31

*Celotex Corp. v. Catrett*
477 U.S. 317, 322 106 S. Ct. 2548 (1986) ..................................................... 18, 19

*Day v. Sears Holding Corp.*,
930 F.Supp.2d 1146, 1159 (C.D. Cal. 2011)....................................................... 19

*Dept. of Fair Emp't and Housing v. Lucent Tech., Inc.*,
642 F.3d 728, 746 (9th Cir. 2011).............................................................. 26, 30

*Deschene v. Pinole Point Steel Co.*,
76 Cal.App.4th 33, 44 (1999)....................................................................... 24

*Faust v. Cal. Portland Cement Co.*,
150 Cal.App.4th 864, 886 (2007).................................................................. 20

*Finegan v. County of Los Angeles*,
91 Cal.App.4th 1, 7 (2001)......................................................................... 23

*Gelfo v. Lockheed Martin Corp.*,
140 Cal.App.4th 34, 62 (2006)..................................................................... 31

*Godwin v. Hunt Wesson, Inc.*,
150 F.3d 1217, 1220 (9th Cir. 1998)............................................................... 26

*Green v. State of California*,
42 Cal.4th 254, 254 (2007)......................................................................... 21

*Hanson v. Lucky Stores, Inc.*,
74 Cal.App.4th 215, 226-27 (1999) ................................................. 22, 24, 26, 29

*Harris v. City of Santa Monica*,
56 Cal.4th 203, 215 (2013).................................................................... 20, 23

*Jensen v. Wells Fargo Bank*,
85 Cal.App.4th 245, 266 (2000)................................................................... 30

*King v. United Parcel Service, Inc.*,
152 Cal.App.4th 426, 442-44 (2007) .............................................................. 30

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

**TABLE OF AUTHORITIES**
**(CONTINUED)**

<u>Pages</u>

*Merrick v. Hilton Worldwide, Inc.*,
    867 F.3d 1139, 1150 (9th Cir. 2017)..................................................32

*Moore v. Regents of Univ. of California*,
    248 Cal.App.4th 216, 236 (2016)..................................................19, 20

*Morgan v. Regents of Univ. of California*,
    88 Cal.App.4th 52, 75 (2000)..........................................................20

*Myers v. Hose*,
    50 F.3d 278, 283 (4th Cir. 1995)....................................................28

*Nadaf-Rahrov v. Neiman Marcus Group, Inc.*,
    166 Cal.App.4th 952, 984 (2008)....................................................30

*Nealy v. City of Santa Monica*,
    234 Cal.App.4th 359, 378 (2015)..............................................passim

*Newton v. Diamond*,
    204 F.Supp.2d 1244, 1247 (C.D. Cal. 2002)................................18

*Schmidt v. Safeway Inc.*,
    864 F.Supp. 991, 996 (D.Or. 1994)..............................................29

*Scotch v. Art Institute of California*,
    173 Cal.App.4th 986, 1005 (2009)..........................................20, 30, 32

*Soria v. Univision Radio Los Angeles, Inc.*,
    5 Cal.App.5th 570, 590 (2016)....................................................20, 23

*Swanson v. Morongo Unified Sch. Dist.*,
    232 Cal.App.4th 954, 972 (2014)....................................................31

*Taylor v. Principal Fin. Group, Inc.*,
    93 F.3d 155, 165 (5th Cir. 1996)....................................................30

*Thornhill Pub. Co., Inc. v. GTE Corp.*,
    594 F.2d 730, 738 (9th Cir. 1979)..................................................19

*Trujillo v. N. Cnty. Transit Dist.*,
    63, Cal.App.4th 280, 284 (1998)....................................................32

*Turner v. Anheuser-Busch, Inc.*,
    7 Cal.4th 1238, 1256 (1994)..........................................................32

*Wallace v. County of Stanislaus*,
    245 Cal.App.4th 109, 129 (2016)..............................................20, 23



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

*Watson v. Drexel University*,
  2021 WL 4429826, *1-*2 (3rd Cir. 2021) ............................................................29

*Wynes v. Kaiser Permanente Hospitals*,
  936 F.Supp.2d 1171, 1184 (E.D. Cal. 2013) ............................................27, 28, 29

**Statutes**

Cal. Code Regs. tit. 2, § 11068(c) ....................................................................22

Cal. Code Regs., tit. 2 § 11065, subd. (e)(3) ..................................................21

Fed. R. Civ. Proc. 56(a) ......................................................................................18

Fed. R. Civ. Proc. 56(e) ......................................................................................19

Gov. Code § 12940(a)(1) ....................................................................................21

Gov. Code § 12940(m) ........................................................................................27



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 27, 2022, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5A of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California, Defendant Wayfair, LLC ("Wayfair") will and hereby does move for summary judgment or, in the alternative, partial summary judgment on plaintiff Mayra Iniguez's ("Plaintiff") First Claim for Relief for Discrimination, Second Claim for Relief for Failure to Prevent Discrimination, Third Claim for Relief for Failure to Reasonably Accommodate Disability, Fourth Claim for Relief for Failure to Engage in the Interactive Process, and Fifth Claim for Relief for Wrongful Termination, pursuant to Federal Rule of Civil Procedure 56.

This Motion is made on the ground that there is no genuine issue as to any material fact and that Wayfair is entitled to judgment as a matter of law on Plaintiff's claims. Wayfair bases this Motion on the grounds that Plaintiff cannot establish: (1) that she was a qualified individual capable of performing the essential functions of her job with or without reasonable accommodation; or (2) circumstances that suggest a discriminatory motive or a causal link between a protected activity and the employer's actions. Wayfair further bases this Motion on the ground that Wayfair engaged in the interactive process and provided reasonable accommodations as a matter of law. Further, even if Plaintiff could establish a *prima facie* case of discrimination – she cannot – Wayfair has offered legitimate, non-discriminatory reasons for its actions, and Plaintiff cannot prove intentional discrimination through evidence establishing pretext or a reasoned inference that the challenged action was a product of discriminatory animus.

This Motion is made following a conference of counsel pursuant to C.D. Cal. Local Rule 7-3, which took place on April 26, 2022. (Declaration of Melvin L. Felton ("Felton Decl."), ¶ 5.)

Case No.: 5:21-cv-00880 MWF (SPx)

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    This Motion is based on this Notice of Motion, the attached Memorandum of

2   Points and Authorities, the Declarations of Harry Vaughn, Steven Ni, and Melvin

3   Felton, the [Proposed] Separate Statement of Uncontroverted Facts, the [Proposed]

4   Judgment, the [Proposed] Order, all documents on file with the Court in this matter,

5   all matters of which the Court may take judicial notice, and such oral argument as the

6   Court may entertain at the hearing on this Motion.

7

8

9   Dated:  May 26, 2022              **SANDERS ROBERTS LLP**

10

11                                    By: _____

12                                    Melvin L. Felton, Esq.
                                      Cindy Kaoud, Esq.
                                      ATTORNEYS FOR
13                                    **WAYFAIR, LLC**

**SR**

**SANDERS
ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

After providing warehouse employee Mayra Iniguez with thirteen consecutive medical leaves – totaling almost half of her 11-month tenure, Ms. Iniguez's persistent failure to timely communicate her need for time off from work left Wayfair with no choice but to deny her final leave request.

Before Ms. Iniguez requested her first leave, Wayfair had already issued her a Written Warning and Final Warning for excessive unexcused absences. Still, she accrued additional attendance points warranting termination under Wayfair's attendance policy.

Nonetheless, Wayfair granted Ms. Iniguez' request for leave as an accommodation after providing her with Employee Accommodation Request and Medical Certification forms.

While she was off, Ms. Iniguez's mostly provided doctor's notes with dates of time off work and a return-to-work date. Notably, the notes overwhelmingly provided that Ms. Iniguez had no restrictions upon her return. Accordingly, Wayfair placed her on schedule because it expected her to work.

On at least ten (10) occasions during her five months off work, Ms. Iniguez either no call/no showed on her scheduled workday or called in mere hours before her shift started, leaving Wayfair with lower than necessary labor for its planned work.

Sometimes, Ms. Iniguez would provide a belated doctor's note retroactively excusing her absences. Still, there were gaps leaving at least three additional days of unexcused absences.

In August 2020, Wayfair requested a Re-Certification of her need for leave and asked her to complete a new Employee Accommodation Request form. Ms. Iniguez failed to return either document, deciding instead to again provide a retroactive doctor's note putting her off work. Though she informed Wayfair she was scheduled

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

for a surgery, she failed to provide any information about when she expected to return to work (which she knew) or whether she needed any other accommodation(s), writing instead that she would continue to provide doctor's notes placing her off work "for the months to come."

Based on Ms. Iniguez' request for an open-ended leave, her demonstrated unreliability both before she took leave and during her leave and its negative effects on her department, Wayfair declined to grant Ms. Iniguez any further leave, resulting in her separation.

Now, Ms. Iniguez is pursuing a variety of statutory and common law disability discrimination claims she cannot maintain as a matter of law. Specifically, Ms. Iniguez cannot establish: (1) she was a qualified individual capable of performing the essential functions of her job with or without reasonable accommodation; or (2) circumstances that suggest a discriminatory motive or a causal link between protected activity and the employer's actions.

With respect Ms. Iniguez' claims for failure to engage in the interactive process, there is indisputable evidence demonstrating Wayfair's good faith efforts to engage in the interactive process, and that Plaintiff's conduct was the cause in any break down of the interactive process.

Ms. Iniguez' failure to accommodate claim is equally unavailing because the only accommodation she requested was a leave of absence, and the record demonstrates Wayfair repeatedly granted those requests when she provided medical documentation to support her need for a leave. Moreover, Plaintiff's final request for leave with no end date was not a reasonable accommodation.

Even assuming Ms. Iniguez could establish a *prima facie* case of discrimination, Wayfair has offered legitimate, non-discriminatory reasons for its actions, and Plaintiff cannot proffer admissible evidence demonstrating intentional discrimination, establishing pretext, or a reasoned inference that the challenged action

1   was a product of discriminatory animus.

2       Because Ms. Iniguez cannot establish essential elements of her claims as a

3   matter of law, Wayfair respectfully requests an Order summarily dismissing

4   Plaintiff's Complaint, as detailed below.

5   **II.    STATEMENT OF FACTS**

6       **A.    Wayfair Relied Heavily on Warehouse Leads To Manage The**

7           **Inventory Control Department, Ensure Smooth Operation Flow,**

8           **and Meet Department Goals**

9       On September 20, 2019, Plaintiff began her employment with Wayfair as a

10  Warehouse Team Lead on the 3 Bulk CA3 team at Wayfair's Perris, California

11  facility. (Separate Statement of Undisputed Fact ("UF") No. 1.) A Warehouse Lead

12  was expected to "manag[e] the department and ensur[e] smooth operational flow."

13  (UF No. 2.)



14      A Warehouse Lead's responsibilities included, among other things, partnering

15  with the Department supervisor to hold pre-shift meetings to review safety,

16  performance, general announcements, goals, and complete daily stretches. (UF No.

17  2.)

18      A Warehouse Lead also spent most of their day on the floor with Warehouse

19  Associates. (UF No. 2.) Supervisors were particularly dependent on Warehouse Leads

20  to assign tasks to associates and identify and escalate any issues to ensure proper

21  workflow. (*Id*.) As such, an essential job function of a Warehouse Lead was *excellent*

22  *attendance*, which Plaintiff confirmed at her deposition. (UF Nos. 2-3.)

23      In February of 2020, due to an internal reorganization, Wayfair transferred

24  Plaintiff to the Inventory Control team at Wayfair's adjoining building in Perris,

25  California. (UF No. 4.) Throughout Plaintiff's time with Inventory Control, she was

26  the only Warehouse Team Lead who worked the mid-day first shift. (UF No. 5.)

27      During the relevant period, there was only one other Warehouse Lead assigned

28

to Inventory Control and she worked a different shift than Plaintiff. (UF No. 5.)

**B.** **Plaintiff Quickly Exceeded The Permissible Amount of Attendance Points (6.0 Points) Within Only a Few Months of Her Employment and Before Ever Requesting Leave as an Accommodation**

During the entirety of Plaintiff's employment, Wayfair maintained a point-based system to manage employee attendance issues, including tardiness, unplanned early departures, unplanned absences and "no/call/no shows." (UF No. 6.)

Wayfair further implemented a "progressive disciplinary" process based on the number of attendance points an employee accumulated. Of relevance, a total of 4 points resulted in a Written Warning, 5 points resulted in a Final Warning; and 6 points resulted in a Review for Termination. (UF No. 6.)

Wayfair's attendance policy also explained that there may be a situation where points accrue quickly (e.g., successive absences) and it skips steps in the disciplinary process (i.e., Wayfair could exercise discretion as to the level of discipline it chose to impose) (UF No. 6.)

Plaintiff admitted at her deposition that she received or readily had access to Wayfair's employee guide, which contains the above-referenced attendance policy. (UF No. 7.) She further testified that Wayfair has the attendance policy posted in the breakroom. (*Id*.)

Within less than four months of her employment, Plaintiff accumulated 4.5 attendance points and received a Written Warning for excessive unexcused absences on January 8, 2020. (UF Nos. 1 and 8.) Plaintiff accrued 4.5 attendance points as follows:

a. On October 21, 2019, Plaintiff accrued 0.5 points for leaving work early.

b. On December 3, 2019, Plaintiff accrued 1.0 points for an unplanned absence.

1               c.      On December 8, 2019, Plaintiff accrued 1.0 points for an

2  unplanned absence.

3               d.      On December 9, 2019, Plaintiff accrued 1.0 points for an

4  unplanned absence.

5               e.      On December 10, 2019, Plaintiff accrued 1.0 points for an

6  unplanned absence.

7               (UF No. 8.)

8      Though Plaintiff did not recall the exact language of the attendance policy, she

9  confirmed her familiarity with Wayfair's point-based system. (UF No. 7.) She further

10  testified that she reviewed the policy with her supervisor after receiving her first

11  Written Warning in early January of 2020. (*Id.*)

12      In Plaintiff's Written Warning, Wayfair informed her that, "[i]f [she] has any

13  further attendance occurrences including any unplanned tardy, early departure,

14  absence and/or No Call No Show, this may result in further disciplinary action up to

15  and **including termination**." (UF No. 9.)

16      Notwithstanding this warning, on January 26, 2020, Plaintiff accrued an

17  additional attendance point for an unplanned absence, bringing her total to 5.5 points.

18  (UF 10.) As a result, Plaintiff received a Final Warning. (*Id.*)

19      Plaintiff admitted she knew she had 5.5 attendance points by mid-February

20  when she transferred to Inventory Control and understood that she would be further

21  disciplined if she continued to accrue attendance points. (UF No. 11.)

22      On March 9, 2020, Plaintiff called off for her scheduled shift without providing

23  a reason. (UF No. 12.)

24      Plaintiff's March 9, 2020, absence resulted in 0.5 attendance points, bringing

25  Plaintiff to a total of 6.0 attendance points, thereby putting her up for Review for

26  Termination under the Attendance Policy. (UF Nos. 6 and 13.)

27      Indeed, the Inventory Control manager expected Ms. Iniguez to be terminated

28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1  in accordance with Wayfair's attendance policy. (UF No. 14.)

2  On March 15, 2020, Plaintiff called out again, stating she was unable to work

3  due to personal reasons. (UF No. 15.)

4  Plaintiff's superiors noted that she called off on a scheduled overtime day, and

5  notified Human Resources that her March 15, 2020 absence put Plaintiff at 6.5

6  attendance points.[1] (UF No. 16.)

7  **C.    Plaintiff Did Not Qualify for Protected Leave and Her Prolonged**

8  **Leave of Absence Was Irregular, Unreliable and Indefinite**

9  On March 17, 2020, before Wayfair took any further disciplinary action against

10  Plaintiff based on her persistent attendance issues, she requested her first leave of

11  absence, which Wayfair's Human Resources granted. (UF Nos. 6, 8-17.) Plaintiff's

12  attendance issues frustrated her supervisor and manager, causing them to run "fire

13  drills" to cover her unplanned absences. (Declaration of Harry Vaughn ("Vaughn

14  Decl."), ¶ 12, 15, 17-21; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano,

15  75:10-17, 82:14-25, 84:2-21.) This usually resulted in Plaintiff's co-workers working

16  overtime or Plaintiff's supervisor diverting attention from her supervisory role to

17  perform Plaintiff's work. (*Id.*)

18  Wayfair employed Plaintiff for less than six months, disqualifying her for leave

19  under the Family Medical Leave Act ("FMLA"), California Family Rights Act

20  ("CFRA"), or any other similar protected leaves of absence. (UF No. 1 and 17.)

21  Accordingly, Wayfair provided Plaintiff with information regarding leave as

22  an accommodation and requested that she complete an Employee Request for

23  Accommodation form ("Employee Request"), and have her medical provider

24  complete a Medical Certification form ("Initial Certification") to determine her need

25  for a reasonable accommodation. (UF No. 17.)

26  Wayfair further advised that it could require re-certification at a later date. (UF

27

28

---

[1] Plaintiff's supervisor did not have the authority to hire or fire. (Ho Decl., ¶ 10.)

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

No. 17.)

At deposition, Plaintiff testified she received and provided her Initial Certification to her medical provider, and she was informed by her medical provider that it was completed and returned to Wayfair. (UF No. 18.)

The only accommodation Plaintiff requested and received during her employment with Wayfair were leaves of absence. (UF No. 19.)

However, Plaintiff conceded she could not perform her essential work responsibilities, confirming that *no accommodation existed* that would allow her to perform her essential duties.  (UF Nos. 3 and 20.)

After Plaintiff's initial request for a leave in March of 2020, Wayfair continued to grant Plaintiff's multiple requests for leave as an accommodation. (UF No. 19.)

However, throughout the process Plaintiff gave no regard to Wayfair's attendance policy, requests for documentation, need for timely communication about her ability to work her scheduled shifts, or the impact her unplanned absences had on her coworkers as she repeatedly: (1) failed to report to work on dates she was scheduled and cleared to by her doctor; (2) would either fail to communicate her intention not to report to work or would provide untimely notice (mere hours before her shift); and, (3) failed to provide timely documentation placing her off work. (UF No. 21.)

Plaintiff admitted she failed to return to work on numerous occasions and feared being disciplined for it. (UF No. 22.)

Indeed, Plaintiff failed to report to work on Wayfair and doctor-approved return to work dates and failed to provide Wayfair with medical documentation excusing her absence on at least three (3) occasions (4/30/20, 5/1/20, and 7/1/20) (. (UF No 21.)

Each of the above-identified absences were no calls/no shows and were never excused. Since Plaintiff had already accumulated 6.5 points, she now had 12.5 attendance points, double the amount permissible under Wayfair's Attendance Policy.

1  (UF Nos. 6, 8, 10 and 21.)

2      In July of 2020, Wayfair granted Plaintiff's thirteenth consecutive request to

3  extend her leave as an accommodation for the period July 20-31. (UF 23.)

4      On August 2, 2020, a few hours before her scheduled start time, Plaintiff

5  advised she would not be reporting to work and failed to provide any documentation

6  regarding her need for an accommodation. (UF No. 21.)

7      On August 5, 2020, Plaintiff informed Wayfair she would not produce any

8  medical documentation until August 14, 2020. (UF No. 21.)

9      On August 6, 2020, Wayfair directed Plaintiff to re-certify her need for leave

10  as an accommodation. Specifically, Wayfair asked Plaintiff to complete and return a

11  second Employee Request for Accommodation form ("Second Employee Request")

12  and have her medical provider complete the Medical Certification Form ("Re-

13  Certification") ***within 15 days.*** (UF No 24.)



14      Nonetheless, Plaintiff failed to do so. (UF No. 25.) Plaintiff admitted she did

15  not request additional time to complete or return the forms or communicate that there

16  was a reason why she could not timely return either of the forms. (*Id.*)

17      Rather, Plaintiff merely provided a belated doctor's note on August 21, 2020,

18  which attempted to retroactively request a leave from August 3, 2020 to August 24,

19  2020. (UF No. 21.)

20      While Plaintiff emailed a passing reference to a non-descript surgery on August

21  5, 2020, she admitted she did not inform Wayfair of the type or severity of the surgery

22  she was scheduled to undergo (e.g., medically necessary, elective, cosmetic, dental,

23  outpatient, or inpatient), when her surgery was scheduled, or her estimated recovery

24  time. (UF No. 26.)

25      On August 21, 2020, Plaintiff finally informed Wayfair of the date of her

26  scheduled surgery but provided no further information or a date when she could

27  resume working. (UF No. 27.)

28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

Rather, Plaintiff declared via email that she would continue to provide doctor's notes requesting additional time off "*for the rest of the months to come*." (UF No. 27.) Accordingly, Wayfair had no indication as to when or whether Plaintiff would ever return to work. (*Id.*)

Having not received Plaintiff's Second Employee Request form or Re-Certification, any indication of whether or when she would return to work, and given the negative impact of her prolonged absence and unpredictability, Wayfair determined any continued leave (amounting to a fourteenth extension) would present an undue hardship to Plaintiff's co-workers and the Company. On those bases, Wayfair separated Plaintiff' employment on August 24, 2020. (UF Nos. 5, 27-29; Vaughn Decl., ¶ 12, 15, 17-21; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano, 75:10-17, 82:14-25, 84:2-21.)

### D.    Plaintiff's Prolonged, Irregular, Seemingly Indefinite Leave Caused an Undue Hardship on Wayfair

As previously discussed, Plaintiff's supervisor and manager relied heavily on the presence of Warehouse Leads like Plaintiff to manage operations. (UF No. 2.) As such, Warehouse Leads were expected to have excellent attendance, which Plaintiff conceded at her deposition. (UF Nos. 2-3.)

Further, during Plaintiff's employment, Wayfair was facing a labor shortage, due to the Covid-19 pandemic. (UF No. 29.)

Because Plaintiff was the only Warehouse Lead who worked first shift in the Inventory Control Department, her co-workers and supervisor worked overtime to cover her duties in her absence. (Vaughn Decl., ¶¶ 17-19; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano,75:10-17, 84:2-21.)

Further, Plaintiff's continuing failure to timely inform Wayfair of her intention not to work on numerous return-to-work dates crippled Wayfair from contingency planning for her absence. (Vaughn Decl., ¶¶ 17-21, 23-26; Felton Decl., ¶ 4, Ex. 3,

1   Deposition of Maria Mandujano, 82:14-25, 84:2-21.).) This caused Wayfair to run

2   several unnecessary "fire drills" to find labor to cover Plaintiff's absences and to meet

3   production goals. (*Id.*)

4         In addition to Ms. Iniguez' co-workers and supervisor working overtime,

5   Wayfair was left with no choice but to flex labor from other facilities, which

6   negatively impacted productivity in those locations. (Vaughn Decl., ¶20.)

7         Moreover, Plaintiff's supervisor had less time to effectively run her department

8   because she had to spend so much time performing Plaintiff's duties in her absence.

9   (Vaughn Decl., ¶¶ 17-21; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano,

10   75:10-17, 82:14-25, 84:2-21.)

11         Plaintiff understood the above-referenced burdens imposed on her co-workers.

12   (UF No. 30.)

13         The combination of Plaintiff's ongoing attendance noncompliance, failures to

14   properly document and timely communicate expected absences, and the undue

15   hardship caused by Plaintiff's actions led Wayfair to its decision to terminate Plaintiff.

16   **III.**    **THE SUMMARY JUDGMENT STANDARD**

17         A party is entitled to summary judgment if it can establish that there is "no

18   genuine issue of material fact and that [it] is entitled to judgment as a matter of law."

19   Fed. R. Civ. Proc. 56(a). "The plain language of Rule 56(c) mandates the entry of

20   summary judgment . . . against a party who fails to make a showing sufficient to

21   establish the existence of an element essential to that party's case, and on which that

22   party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

23   322 106 S. Ct. 2548 (1986). "Summary judgment is 'properly regarded not as a

24   disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

25   whole, which are designed 'to secure the just, speedy and inexpensive determination

26   of every action.'" *Newton v. Diamond*, 204 F.Supp.2d 1244, 1247 (C.D. Cal. 2002)

27   (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L.

28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

Ed. 2d 265 (1986)).

Once a summary judgment motion is made and properly supported, the nonmoving party may not rest on the mere allegations of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. Proc. 56(e); *Celotex*, 477 U.S. at 325. However, "the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1995) (emphases in original). Conclusory, speculative testimony in affidavits and opposition papers is insufficient to raise genuine issues of material fact and defeat summary judgment. *See Day v. Sears Holding Corp.*, 930 F.Supp.2d 1146, 1159 (C.D. Cal. 2011) (citing *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979)).

## IV.    ARGUMENT

### A.    Plaintiff Cannot Establish A Claim For Disability Discrimination In Violation Of The FEHA

An employer is entitled to summary judgment on an employee's discrimination claim under the Fair Employment and Housing Act ("FEHA") "[i]f the employer presents admissible evidence ***either*** that one or more of the plaintiff's *prima facie* elements is lacking, ***or*** that the adverse employment action was based on legitimate, nondiscriminatory factors . . . ." *Moore v. Regents of Univ. of California*, 248 Cal.App.4th 216, 236 (2016) (emphasis added) (quoting *Arteaga v. Brink's, Inc.*, 163 Cal.App.4th 327, 344 (2008)).[2]

To establish a *prima facie* case of disability discrimination under the FEHA the employee must show he or she: "(1) suffered from a disability; (2) was otherwise

_____

[2] "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007).

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

qualified to do his or her job; and (3) was subjected to adverse employment action because of the disability." *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 378 (2015) (citing *Faust v. Cal. Portland Cement Co.*, 150 Cal.App.4th 864, 886 (2007)). The employee must show that the employer both knew of the disability at the time of the adverse employment action, and that the employee's actual or perceived disability was a "substantial motivating reason" for the adverse employment action. *Wallace v. County of Stanislaus*, 245 Cal.App.4th 109, 129 (2016); *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013). There must be a "causal link between the employer's consideration of a protected characteristic and the action taken by the employer." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal.App.5th 570, 590 (2016) (citing *Harris*, 56 Cal.4th at 215).

Even if a plaintiff were able to establish a *prima facie* case of discrimination—which Plaintiff cannot do here—summary judgment is still proper if the employer offers "a legitimate, nondiscriminatory reason for the adverse employment action," and the employee does not "offer **substantial evidence** that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual . . . ." *Moore v. Regents of Univ. of California*, 248 Cal.App.4th 216, 238 (2016) (emphasis added); *Morgan v. Regents of Univ. of California*, 88 Cal.App.4th 52, 75 (2000).  Indeed, to defeat summary judgment, "the employee must adduce or point to evidence raising a triable issue, that would permit a trier of fact to find by a preponderance that intentional discrimination occurred." *Scotch v. Art Institute of California*, 173 Cal.App.4th 986, 1005 (2009). Plaintiff cannot meet either standard in this case.

## 1. Plaintiff Cannot Establish That She Was Qualified and Capable of Performing the Essential Functions of Her Position With or Without Reasonable Accommodation

The FEHA permits an employer to discharge an employee "if [s]he was unable to perform the essential functions of [her] job even with reasonable accommodations."



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Case No.: 5:21-cv-00880 MWF (SPx)

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 378 (2015); Gov. Code § 12940(a)(1) ("This part does not prohibit an employer from . . . discharging an employee with a physical or mental disability . . . where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodations . . . .").

Plaintiff has the initial burden of showing she is a qualified individual, capable of performing the essential functions of her position. *Green v. State of California*, 42 Cal.4th 254, 254 (2007) (reversing and remanding where the trial court omitted an instruction regarding a FEHA plaintiff's burden to prove he was qualified or able to perform essential job duties "because it is incumbent upon the trial court to instruct on all vital issues in the case."). "'Essential functions' means the fundamental job duties of the employment position the individual with the disability holds or desires. 'Essential functions' does not include the marginal function of the position." *Nealy*, 234 Cal.App.4th at 373. "'Marginal functions' of an employment position are those that, if not performed, would not eliminate the need for the job or that could be readily performed by another employee or that could be performed in an alternative way." *Id.* (quoting Cal. Code Regs., tit. 2 § 11065, subd. (e)(3)). "A job function may be considered essential for any of several reasons, including, but not limited to, any one or more of the following: (A) . . . [T]he reason the position exists is to perform that function; (B) . . . [T]he limited number of employees available among whom the performance of that job function can be distributed; [and] (C) . . . the incumbent in the position is hired for his or her expertise or ability to perform the particular function." *Nealy*, 234 Cal.App.4th at 374 ("The fact that one essential function may be up for debate does not preclude summary judgment if the employee cannot perform other essential functions even with accommodation").

Here, Plaintiff admits that "essential functions" of her position as a Warehouse Team Lead included "excellent attendance" and the ability to walk great distances



during each shift in the warehouse. (UF Nos. 3 and 20.) Indeed, not only is Plaintiff unable to establish she was able to perform her essential work responsibilities between March 2020 and August 24, 2020, the date of separation, Plaintiff flatly admits that she could not do so and that *no accommodation existed* that would allow her to perform her essential duties. (*Id.*) As Plaintiff acknowledged during her deposition, "there was no chair or something that [Wayfair] could have [given] [her] or a bed to be on bed rest to do [her] work and delegate work. [She] would physically need to be there and [she] couldn't physically be there . . . [s]o there was no accommodation . . . ." (UF No. 20.) Further, all medical documentation submitted by Plaintiff failed to indicate what her job restrictions were (besides complete relief from attendance), rendering it impossible to determine whether alternative accommodations could be provided to Plaintiff. (UF No. 19.) Plaintiff also testified that she withheld the details of her disability or working restrictions, thus further impairing Wayfair's ability to determine if alternative accommodations were feasible. (UF No. 26.) Plaintiff now concedes, however, that no accommodations existed that would allow her to perform her essential duties. (UF No. 20.)

The only accommodation identified or sought by Plaintiff was an indefinite leave of absence that was extended month upon month, with no reasonable end-date in sight. (UF No. 19, 20, 23, 26, 27.) After having already been granted thirteen (13) extensions for leave that extended five (5) months, Plaintiff indicated that she would continue to be on leave for "the coming months," which Wayfair was not obligated to provide. Cal. Code Regs. tit. 2, § 11068(c); *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 226-27 (1999) ("reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected."); *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 377-78 (2015) ("FEHA does not require the employer to provide an indefinite leave of absence"). Because Plaintiff cannot establish that she could perform essential job duties, with or without



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1  reasonable accommodation, and indefinite leave is not reasonable under California
2  law, she cannot prevail on her disability discrimination claim and Wayfair is entitled
3  to summary judgment on that claim.

4  **2.    Claimant Cannot Establish She Was Subjected to an Adverse**
5  **Employment Action Because of a Disability**

6      Plaintiff has the burden of establishing the third element of her disability
7  discrimination claim—that she was subjected to an adverse employment action that
8  was motivated by her disability. *See Finegan v. County of Los Angeles*, 91
9  Cal.App.4th 1, 7 (2001); s*ee Wallace v. County of Stanislaus*, 245 Cal.App.4th 109,
10 128-29 (2016). Here, Plaintiff lacks any evidence to support this element of her claim
11 but relies only on mere speculation and concludes that the separation decision was
12 motivated by her disability. *See Id.* This is plainly insufficient, as Plaintiff must
13 present evidence that the employer "acted with discriminatory intent" and that there
14 is a "causal link between the employer's consideration of a protected characteristic
15 and the action taken by the employer." *Soria v. Univision Radio Los Angeles, Inc.*, 5
16 Cal.App.5th 570, 590 (2016); *Harris v. City of Santa Monica*, 56 Cal.4th 203, 215
17 (2013).

18     Here, there is no evidence of discriminatory intent. Having not received
19 Plaintiff's Second Employee Request Form or Re-Certification, without any
20 indication of whether and under what circumstances Plaintiff would return to work,
21 and given the negative impact of her prolonged and unpredictable absences, Wayfair
22 determined that any continued leave would present an undue hardship to Plaintiff's
23 co-workers and the company. It is undisputed that Wayfair reasonably accommodated
24 Plaintiff's multiple requests for leave over the course of more than five months despite
25 her continuous failure to provide timely notice of her prospective absences and/or
26 submission of medical documentation excusing her absences. (UF Nos. 17, 21 and
27 23.) Plaintiff cannot offer any support for her contention that Wayfair's decision not

28



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

to grant her request for an indefinite leave ("I will be providing documentation for the rest of the months to come") – which was also unsupported by the company's required re-certification – was motivated by Plaintiff's disability. As previously stated, "reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected" and the "FEHA does not require the employer to provide an indefinite leave of absence." *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 226-27 (1999); *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 377-78 (2015). Plaintiff concedes both that no accommodation could be provided by Wayfair that would allow her to attend work, and that her absences imposed burdens on her co-workers and the company. (UF Nos. 20 and 30.) Plaintiff's repeated failure to timely communicate with Wayfair regarding her condition and her ability (or inability) to show up for scheduled shifts compounded this undue burden on Wayfair and there is no evidence that her separation was motivated by a disability.

### 3. Wayfair Offers Legitimate, Nondiscriminatory Reasons For Its Actions and Plaintiff Cannot Meet Her Burden of Proving Intentional Discrimination

If an employee establishes a *prima facie* case of disability discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 378 (2015) (quoting *Deschene v. Pinole Point Steel Co.*, 76 Cal.App.4th 33, 44 (1999)). "Once the employer has done so the plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." *Deschene*, 76 Cal.App.4th at 44.

Here, Wayfair offers legitimate, nondiscriminatory reasons for its decision to terminate Plaintiff's employment that have nothing to do with her disability. First, as

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Plaintiff admits, excellent attendance was an essential function of her job responsibilities and Plaintiff's record reflected substantially poor attendance—sufficient on its own to terminate Plaintiff—immediately *before* she requested leave in March 2020.[3] (UF Nos. 3, 6-16.) Then, during the five months of periodically-extended leave, attendance issues persisted as Plaintiff failed to communicate either at all or in a timely manner that she would not be showing for a shift she was scheduled for, often times mere hours before the shift was to begin, putting Wayfair management and employees in the difficult position of covering for Plaintiff's last-minute absences. (UF Nos. 21; Vaughn Decl., ¶ 12, 15, 17-21; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano, 75:10-17, 82:14-25, 84:2-21.) Notwithstanding, on August 6, 2020, Wayfair directed Plaintiff to complete and return a second Employee Request for Accommodation form and have her medical provider complete the Medical Certification Form ("Re-Certification") within 15 days. (UF No. 24.) Plaintiff failed to do so and, instead, merely provided a belated doctor's note on August 21, 2020, which attempted to retroactively request a further leave of absence from August 3, 2020 to August 24, 2020. (UF No. 21.) At the same time, Plaintiff finally informed Wayfair of a scheduled surgery date but provided no further information or a date when she could resume work. (UF No. 27.) Rather, she indicated she would continue to provide documentation "for the rest of the ***months*** to come," again, apparently presuming entitlement to an indefinite leave. (*Id.*)(emphasis added).

Because Plaintiff was the only Warehouse Lead who worked first shift in the Inventory Control Department, her co-workers and supervisor worked overtime to cover her duties in her absence. (UF Nos. 5, 30; Vaughn Decl., ¶¶ 17-19; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano,75:10-17, 84:2-21.) Further, Plaintiff's continuing failure to timely inform Wayfair of her intention to postpone numerous

---

[3] Indeed, IC Unit Regional Manager Harry Vaughn expected that Wayfair would have terminated Plaintiff's employment before she ever requested a leave because of her excessive violations of the attendance policy. (Vaughn Decl., ¶¶ 6-12, 23.)

scheduled return-to-work dates negatively impacted both management and Plaintiff's co-workers as they scrambled to cover Plaintiff's absences and meet production benchmarks. (*Id.*) As a result, Plaintiff's supervisor and co-workers worked overtime, negatively affecting their ability to effectively operate the department, and Wayfair was required to flex labor from other facilities, which reduced productivity in those locations. (*Id.*) Plaintiff failed to submit her Re-Certification form and failed to indicate whether and under what circumstances she would return to work. (UF Nos. 25 and 27.) Given the negative impact of her prolonged and unpredictable absences, Wayfair determined that any continued leave would present an undue hardship to Plaintiff's co-workers and the company. (UF Nos. 21, 25, 28-31; Vaughn Decl., ¶¶ 17-19; Felton Decl., ¶ 4, Ex. 3, Deposition of Maria Mandujano,75:10-17, 84:2-21.) On those bases alone – which are undoubtedly legitimate – Wayfair terminated Plaintiff's employment on August 24, 2020. (*Id.*; UF No. 28.)

"Once the employer makes a sufficient showing . . . then the discharged employee seeking to avert summary judgment must . . . demonstrate either . . . that the defendant's showing was in fact insufficient . . . or that there was a triable issue of fact material to the defendant's showing." *Dept. of Fair Emp't and Housing v. Lucent Tech., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (quoting *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 225 (1999)). To satisfy this burden, the plaintiff must produce "substantial responsive evidence that the employer's showing was untrue or pretextual." *Id.* Pretext may be established "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)). "If a plaintiff uses circumstantial evidence to satisfy this burden, such evidence 'must be specific' and 'substantial.'" *Lucent*, 642 F.3d at 746 (quoting *Godwin*, 150 F.3d at 1221).



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff has no direct evidence of pretext and cannot produce "specific and substantial" circumstantial evidence to meet her burden. Rather, Plaintiff acknowledges: (1) that excellent attendance is an essential function of her position, yet she had attendance issues prior to ever requesting a leave, and unsurprisingly continued to exhibit poor attendance during her leave; (2) her absence as a Warehouse Lead imposed additional burdens on her co-workers; and (3) no accommodation would allow Plaintiff to perform the essential functions of her job. (UF Nos. 8-13, 15-16, 21, 31, and 20.) Accordingly, Wayfair is entitled to summary judgment on Plaintiff's first claim for disability discrimination.

**B.    The Third Claim Should be Dismissed Because it Fails to State a Claim for Failure to Accommodate in Violation of the FEHA**

The elements of a reasonable accommodation claim are: (1) the employee suffered a disability under the FEHA; (2) the employee could perform the essential functions of the job with reasonable accommodation; and (3) the employer failed to reasonably accommodate the employee's disability. *See Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 373 (2015). "A reasonable accommodation is a modification or adjustment to the work environment that enables the employee to perform the essential functions of the job" and the FEHA requires the employer to make reasonable accommodation for a known disability "unless doing so would produce undue hardship to the employer's operation." *Id.* (citing Gov. Code § 12940(m)).

While medical leave may be a reasonable accommodation, "an employer need not provide an indefinite leave of absence." *Wynes v. Kaiser Permanente Hospitals*, 936 F.Supp.2d 1171, 1184 (E.D. Cal. 2013). Indeed:

> Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect. Rather, reasonable accommodation is by its terms most logically construed as that which presently, or in the

Case No.: 5:21-cv-00880 MWF (SPx)

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

immediate future, enables the employee to perform the essential functions of the job in question . . . . [R]easonable accommodation does not require [an employer] to wait indefinitely for [the employee's] medical conditions to be corrected.

*Id.* (quoting *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995)). Here, it is undisputed that over the course of over five (5) months, Wayfair readily granted thirteen extensions of Plaintiff's requested medical leave and that there were no accommodation that would allow Plaintiff to perform the essential duties of her position. (UF Nos. 20 and 23.) California law did not require Wayfair to wait indefinitely for Plaintiff's medical condition to be corrected. *See Id.*

### 1. Plaintiff Cannot Establish That She was Qualified and Capable of Performing the Essential Functions of Her Position With or Without Reasonable Accommodation

The showing required of the second element (i.e., Plaintiff could perform essential functions with accommodation) is identical to that required for a claim for disability discrimination (*see* Section IV(A)(1), *supra*). *See Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 378 (2015). For all the reasons discussed above, Plaintiff cannot establish that she was capable of performing essential job duties, with or without accommodation. (UF No. 20.) Accordingly, Wayfair is entitled to summary judgment on Plaintiff's failure to accommodate claim.

### 2. Wayfair Granted All of Plaintiff's Requests for Reasonable Accommodation

Here, Wayfair granted Plaintiff's requests for leave as an accommodation and extended that accommodation *thirteen* times despite Plaintiff's multiple shortcomings, including: (1) her failure to return to work on scheduled return-to-work dates; (2) failure to timely communicate – if at all – regarding her intention not to return to work on dates she was scheduled and medically cleared to, often times within hours of her shift start times and at times failing to communicate at all for weeks on

end; and, (3) lastly her consistent failure to timely provide medical documentation to support her request for leave. (UF No. 21.) "An employer is not required to offer an accommodation that is likely to be futile because, even with an accommodation, the employee could not safely and efficiently perform the essential functions of the job." *Hanson*, 74 Cal.App.4th at 226 (quoting *Schmidt v. Safeway Inc.*, 864 F.Supp. 991, 996 (D.Or. 1994)). Plaintiff herself recognized that there were no reasonable accommodations that would allow her to perform her duties. (UF No. 20.) There is no evidence that further accommodations would have enabled Plaintiff to adequately perform her job and the FEHA does not require an employer to provide an indefinite leave of absence. *See Wynes*, 936 F.Supp.2d at 1184 ("In light of Plaintiff's extended leave of absence (with several extensions provided by Kaiser) and her doctor's inability to provide a date of Plaintiff's anticipated return to work, ***it was reasonable for Kaiser to refuse to extend Plaintiff's medical leave of absence any further***") (emphasis added). Just as in *Wynes*, Plaintiff here sought an indefinite leave and indicated merely that she would "provid[e] documentation for the rest of the months to come" after thirteen such extensions over the course of five months. (UF Nos. 23 and 27.) An indefinite leave of absence and the manner in which the extensions were sought (i.e., last-minute, without proper medical documentation and untimely notice to reasonably allow co-workers to contingency plan) is certainly not "reasonable" under the FEHA as a matter of law. For all of these reasons, Plaintiff cannot maintain a claim for failure to accommodate and the claim should be dismissed.

Similarly, Plaintiff's claim fails because she successfully received leave when she properly and timely returned her medical certifications, and Wayfair has shown that it made a good faith effort to assist her. Where an employee fails to provide requested medical certification(s), the leave is unapproved (i.e. unexcused absences) and termination is permissible. *See Watson v. Drexel University*, 2021 WL 4429826, *1-*2 (3rd Cir. 2021) (affirming summary judgment on failure to accommodate,

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  failure to reinstate under FMLA, and interference with FMLA rights where plaintiff

2  failed to return a medical recertification and, therefore, had "unapproved absences").

3  Similar to *Watson*, Plaintiff repeatedly failed to timely submit medical documentation

4  supporting her need for leave and completely failed to return her medical re-

5  certification, as required.

6      **C.**    **The Fourth Claim Should be Dismissed Because it Fails to State a**

7                **Claim for Failure to Engage in the Interactive Process in Violation**

8                **of the FEHA.**

9       "To prevail on a claim for failure to engage in the interactive process, the

10  employee must identify a reasonable accommodation that would have been available

11  at the time the interactive process occurred." *Nealy v. City of Santa Monica*, 234

12  Cal.App.4th 359, 379 (2015). "[T]he availability of a reasonable accommodation is a

13  prerequisite to liability under section 12940(n)." *Nadaf-Rahrov v. Neiman Marcus*

14  *Group, Inc.*, 166 Cal.App.4th 952, 984 (2008). The "interactive process" is an

15  informal process rather than ritualized discussions where "the initial burden rests

16  primarily upon the employee . . . to specifically identify the disability and resulting

17  limitations, and to suggest the reasonable accommodations." *Scotch v. Art Institute of*

18  *California*, 173 Cal.App.4th 986, 1013 (2009) (quoting *Taylor v. Principal Fin.*

19  *Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)). Typically, the employee must be able

20  to provide the employer with a list of restrictions that must be met to accommodate

21  the employee. *See Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 266 (2000); *King*

22  *v. United Parcel Service, Inc*., 152 Cal.App.4th 426, 442-44 (2007). "[C]ourts should

23  attempt to isolate the cause of the breakdown [in the interactive process] and then

24  assign responsibility so that liability . . . ensues only where the employer bears

25  responsibility for the breakdown." *Dept. of Fair Emp't and Housing v. Lucent Tech.,*

26  *Inc.*, 642 F.3d 728, 743 (9th Cir. 2011) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d

27  1105, 1115 (9th Cir. 2000), *rev'd on other grounds*, 535 U.S. 391, 122 S.Ct. 1516,

28



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

152 L.Ed.2d 589 (2002)). "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees . . . to identify an accommodation that allows the employee to perform the job effectively. Both sides must communicate directly, exchange essential information, and neither side can delay or obstruct the process." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114-15 (9th Cir. 2000) (en banc), *vacated on other grounds*.

Here, it is undisputed that Wayfair actively engaged in the interactive process. Despite Plaintiff's prior attendance issues and pending discipline, Wayfair granted Plaintiff's initial request for leave in March of 2020, and would continue to grant thirteen additional requests for extensions. (UF Nos. 21 and 23.) Wayfair continued to engage in the interactive process over the course of over 5 months despite Plaintiff's multiple shortcomings, as discussed in preceding sections. While California law does not require employers to provide an indefinite leave of absence, to the extent the interactive process broke down in this case, Plaintiff (not Wayfair) bears responsibility for her lack of communication and other repeated failures described above. "[T]he interactive process is designed to bring the two parties together to speak freely and to determine whether a reasonable, ***mutually satisfactory*** accommodation is possible to meet their respective needs." *Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 62 (2006) (emphasis added). "Liability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith." *Swanson v. Morongo Unified Sch. Dist.*, 232 Cal.App.4th 954, 972 (2014). Plaintiff not only ignored her responsibility in the interactive process through her lack of communication for days or weeks on end, last-minute notice (if at all) of her intention not to report to work on her scheduled days, and failure to provide medical documentation supporting her need for leave, but she also imposed an undue burden on Wayfair and her co-workers. Plaintiff has no evidence to support her contention



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1  that Wayfair failed to engage in the interactive process. As such, her third cause of

2  action should be dismissed.

3      **D.    Plaintiff's Second and Fifth Claims Are Derivative of Her FEHA**

4          **Discrimination Claim And Must Also Be Dismissed**

5          Plaintiff's claims for failure to prevent discrimination and wrongful termination

6  of employment in violation of public policy are derivative of her FEHA disability

7  discrimination claim, and so necessarily fail along with that claim. *See Merrick v.*

8  *Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017). Specifically, no action

9  lies for failure to prevent discrimination or retaliation if no such unlawful conduct

10 occurs. *See Trujillo v. N. Cnty. Transit Dist.*, 63, Cal.App.4th 280, 284 (1998) (A

11 section 12940(k) claim "can survive only if [the] retaliation [and discrimination]

12 causes of action survive"). "An actionable claim under section 12940(k) is dependent

13 on a claim of actual discrimination: '[e]mployers should not be held liable to

14 employees for failure to take necessary steps to prevent such conduct, except where

15 the actions took place and were not prevented.'" *Scotch v. Art Institute of California*,

16 173 Cal.App.4th 986, 1021 (2009) (affirming summary judgment on the failure to

17 prevent discrimination claim because plaintiff's other discrimination and retaliation

18 claims did not survive). Similarly, "[a] common law claim for wrongful termination

19 in violation of public policy requires a showing that there has been a violation of a

20 fundamental public policy embodied in a statute." *Merrick*, 867 F.3d at 1150 (citing

21 *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1256 (1994). For all the reasons set

22 forth herein, Plaintiff is unable to maintain her discrimination claim and, therefore,

23 Plaintiff's second and fifth claims for relief also must be dismissed.

24 ///

25 ///

26 ///

27 ///

28

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1    **V.**    <u>**CONCLUSION**</u>

2            For all the foregoing reasons, Wayfair respectfully requests that the Court grant

3    its Motion for Summary Judgment and enter judgment in its favor. In the alternative,

4    Wayfair requests that this Court grant partial summary judgment and enter judgment

5    in its favor.

6

7

8    Dated:  May 26, 2022            **SANDERS ROBERTS LLP**

9

10            By: _____

11            Melvin L. Felton, Esq..
            Cindy Kaoud, Esq.
            ATTORNEYS FOR

12            **WAYFAIR, LLC**



13

14    **SANDERS
    ROBERTS**
    1055 W. 7TH STREET
    SUITE 3200
15    LOS ANGELES, CA 90017

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WAYFAIR, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF