Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Stephanie Jones Nojima (SBN 178453)
sjonesnojima@sandersroberts.com
Adrienne D. Gurley (SBN 351407)
agurley@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

ATTORNEYS FOR DEFENDANT
WAYFAIR, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAYRA INIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, LLC, a Corporation and DOES 1-25, inclusive<br><br>Defendant. | CASE NO. 5:21-cv-00880 MWF (SPx)<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Trial:    March 19, 2024<br>Time:    8:30 a.m.<br>Ctrm.:    5A<br><br>Action Filed:    March 15, 2021 |

Defendant, Wayfair, LLC, hereby submits its requested Jury Instructions to be used at trial set to begin on a date to be determined by the Court, before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the Central District of California, Western Division.

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** | | | |
| 1. | Burden of Proof – Preponderance of the Evidence | 9th Cir. Civ. Model Instr. 1.6 | |
| 2. | Wealth of Parties (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 117 | |
| 3. | Limitation On Remedies - Same Decision (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 2512 | |
| 4. | Disability Discrimination— Disparate Treatment Essential Factual Elements | Judicial Council of California Civil Jury Instructions No. 2540 | |
| 5. | Items of Noneconomic Damage (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 3905 | |
| 6. | Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 3905A | |
| 7. | Aggravation of Preexisting Condition (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 3927 | |
| 8. | Duty to Mitigate Damages for Past Lost Earnings (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 3961 | |
| 9. | Duty to Mitigate Damages for Future Lost Earnings (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 3962 | |
| 10. | Failure to Accommodate— Indefinite Leave | Cal. Code Regs., tit. 2, section 11068 | |
| 11. | Cautionary Instruction No Outside Research | 9th Cir. Civ. Model Instr. 2.0 | |
| 12. | After-Acquired Evidence (Phase II Only) | Judicial Council of California Civil Jury Instructions No. 2506 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** 9th Cir. Civ. Model Instr. 1.6 (2017).



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

## WEALTH OF THE PARTIES

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

**Authority:** CACI Civ. Model Instr. 117 (2022).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



## PROPOSED JURY INSTRUCTION NO. 3
## LIMITATION ON REMEDIES - SAME DECISION

Mayra Iniguez claims that she was subjected to an adverse employment action because of her disability and/or perceived disability, which is an unlawful discriminatory reason. Wayfair, LLC claims that Mayra Iniguez was subjected to an adverse employment action because she did not provide proper medical certification, exhausted her medical leave time and did not return from leave without providing notice to Wayfair, which is a lawful reason.

If you find that discrimination was a substantial motivating reason for subjecting Mayra Iniguez to an adverse employment action, you must then consider Wayfair, LLC's stated reason for the adverse employment action.

If you find that Mayra Iniguez failing to provide proper medical certification, exhausting her medical leave time and not returning from leave or providing notice that she would not return to Wayfair, was also a substantial motivating reason, then you must determine whether the defendant has proven that it would have subjected Mayra Iniguez to an adverse employment action anyway at that time based on Mayra Iniguez failing to provide proper medical certification, exhausting her medical leave time and not returning from leave or providing notice that she would not return, even if it had not also been substantially motivated by discrimination.

In determining whether Mayra Iniguez failing to provide proper medical certification, exhausting her medical leave time and not returning from leave or providing notice, determine what actually motivated Wayfair, LLC, not what it might have been justified in doing.

If you find that Wayfair, LLC subjected Mayra Iniguez to an adverse employment action for a discriminatory reason, you will be asked to determine the amount of damages that she is entitled to recover. If, however, you find that Wayfair, LLC would have subjected Mayra Iniguez to an adverse employment

action for a discriminatory reason anyway at that time for Mayra Iniguez failing to provide proper medical certification,  exhausting her medical leave time and not returning from leave or providing notice, then Mayra Iniguez will not be entitled to reinstatement, back pay, or damages.

**Authority:** CACI Civ. Model Instr. 2512 (2022).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 4**

**DISABILITY DISCRIMINATION—DISPARATE TREATMENT
ESSENTIAL FACTUAL ELEMENTS**

Mayra Iniguez claims that Wayfair, LLC wrongfully discriminated against her based on her disability and/or perceived disability. To establish this claim, Mayra Iniguez must prove all of the following:

1.    That Wayfair, LLC was an employer;

2.    That Mayra Iniguez was an employee of Wayfair, LLC;

3.    That Wayfair, LLC knew that Mayra Iniguez had a disability and/or perceived her as having a disability;

4.    That Mayra Iniguez was able to perform the essential job duties of her current position, either with or without reasonable accommodation for her disability and/or perceived disability;

5.    Wayfair, LLC subjected Mayra Iniguez to an adverse employment action;

6.    That Mayra Iniguez's disability and/or perceived disability was a substantial motivating reason for Wayfair, LLC's conduct;

7.    That Mayra Iniguez was harmed; and

8.    That Wayfair, LLC's conduct was a substantial factor in causing Mayra Iniguez's harm.

Mayra Iniguez does not need to prove that Wayfair, LLC held any ill will or animosity toward her personally because she was disabled and/or perceived to be disabled.

**Authority:** CACI Civ. Model Instr. 2540 (2022).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROPOSED JURY INSTRUCTION NO. 5

## ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by Mayra Iniguez:

    1. mental suffering

    2. loss of enjoyment of life

    3. anxiety

    4. humiliation

    5. emotional distress

**Authority:** CACI Civ. Model Instr. 3905 (2022).



DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 6**

**PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS
(NONECONOMIC DAMAGE)**

1. Past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, loss of enjoyment of life, disfigurement, inconvenience, grief, anxiety, humiliation, and emotional distress, Mayra Iniguez must prove that she is reasonably certain to suffer that harm.

For future mental suffering, loss of enjoyment of life, disfigurement, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Mayra Iniguez for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

**Authority:** CACI Civ. Model Instr. 3905A (2022).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



## PROPOSED JURY INSTRUCTION NO. 7

## AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY

Mayra Iniguez is not entitled to damages for any physical or emotional condition that she had before Wayfair, LLC's conduct occurred. However, if Mayra Iniguez had a physical or emotional condition that was made worse by Wayfair's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

**Authority:** CACI Civ. Model Instr. 3927 (2022).



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 8
## DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS

Mayra Iniguez is not entitled to recover damages for economic losses that Wayfair, LLC proves Mayra Iniguez could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1. Determine the amount Mayra Iniguez would have earned from the job she held at the time she was injured; and

2. Subtract the amount Mayra Iniguez earned or could have earned by returning to gainful employment.

The resulting amount is Mayra Iniguez's damages for past lost earnings.

**Authority:** CACI Civ. Model Instr. 3961 (2022).

**PROPOSED JURY INSTRUCTION NO. 9**

**DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS**

Mayra Iniguez is not entitled to recover damages for future economic losses that Wayfair, LLC proves Mayra Iniguez will be able to avoid by returning to gainful employment as soon as it is reasonable for her to do so.

If you decide that Mayra Iniguez will be able to return to work, then you must not award her any damages for the amount she will be able to earn from future gainful employment. To calculate the amount of damages you must:

1. Determine the amount Mayra Iniguez would have earned from the job she held at the time she was injured; and

2. Subtract the amount Mayra Iniguez is reasonably able to earn from alternate employment.

The resulting amount is Mayra Iniguez's damages for future lost earnings.

**Authority:** CACI Civ. Model Instr. 3962 (2022).



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 10

## INDEFINITE LEAVE NOT A REASONABLE ACCOMMODATION

While extended leave may be a reasonable accommodation for a disabled employee, employers are not required to grant an employee's accommodation request for indefinite leave. If you find that the end date of Mayra Iniguez's requested medical leave was not definitive when Wayfair made the decision to terminate her employment, you must find that Wayfair was legally permitted to deny Mayra Iniguez's request for additional medical leave.



**Authority**:  Cal.Code Regs, tit. 2, § 11068; Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 226 (1999), "[t]here are limits to how far an employer must go in granting medical leave," Waggoner v. Olin Corp., 169 F.3d 481, 483 (7th Cir. 1999). The Court agrees with cases which have held that "an employer need not provide an indefinite leave of absence." Wynes v. Kaiser Permanente Hospitals, 936 F. Supp. 2d 1171, 1184 (E.D. Cal. 2013) (emphasis added); see also Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1047 (6th Cir. 1998) ("Reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected."); Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995) ("Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 11**

**2.0 CAUTIONARY INSTRUCTIONS**

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]



[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Authority:** Manual of Model Jury Instructions for the Ninth Circuit, No. 2.0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 12

Wayfair claims that after it discharged Mayra Iniguez, it discovered that Mayra Iniguez violated Wayfair policy. Wayfair claims that it would have discharged Mayra Iniguez anyway if it had known that Mayra Iniguez had violated Wayfair policy. You must decide whether Wayfair has proved all of the following:

1. That Mayra Iniguez violated Wayfair policy;

2. That Mayra Iniguez's misconduct was sufficiently severe that Wayfair would have discharged her because of that misconduct alone had Wayfair known of it; and

3. That Wayfair would have discharged Mayra Iniguez for her misconduct as a matter of settled company policy.

If you find that Wayfair has proved that Mayra Iniguez violated Wayfair policy and that had Wayfair known of the misconduct earlier, it would have discharged Mayra Iniguez as required by the elements above, then Mayra Iniguez may recover damages only for any time before the date on which Wayfair discovered the misconduct.

**Authority**: Judicial Council of California Civil Jury Instructions 2506. Limitation on Remedies—After-Acquired Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# PROOF OF SERVICE

## [FRCP 5(B)]

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 515 South Flower Street, 24th Floor, Los Angeles, CA 90071. My electronic service address is bsamuels@sandersroberts.com.

On December 29, 2025, I served the following document(s) described as **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** on the interested parties in this action as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF.

☐ **By Electronic Mail:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2025, at Los Angeles, California.

_____/s/ *Brittney Samuels*_____
Brittney Samuels

*Iniguez v. Wayfair, LLC*
RSC – Case No.: CVRI2101374
Case No.: 5:21-cv-00880 MWF (SPx)

Andrew J. Malatesta, Esq.                    **Attorneys for Plaintiffs**
MALATESTA LAW                                Mayra Iniguez
16501 Ventura Blvd., Suite 400
Encino, CA 91436
Tel.: (424) 284-1384
Fax: (424) 284-8170
AJM@Malatesta-Law.com


Carney R. Shegerian, Esq.,
Bryan Kirsh
Mahru Madjidi, Esq.
Anthony Nguyen, Esq
Leo Livshits, Esq.
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771
CShegerian@Shegerianlaw.com
anguyen@shegerianlaw.com
llivshits@shegerianlaw.com
bkirsh@shegerianlaw.com
mmadjidi@shegerianlaw.com
aescalante@shegerianlaw.com
edossantos@shegerianlaw.com
mlevy@shegerianlaw.com
ngilanians@shegerianlaw.com
ntaleb@shegerianlaw.com
rmurillo@shegerianlaw.com
smangan@shegerianlaw.com